**John K. FORSYTHE,**
**Plaintiff–Appellant,**

v.

**SAUDI ARABIAN AIRLINES CORP.,**
**Defendant–Appellee.**

**No. 89–2356**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 10, 1989.

Karen A. Lerner, Houston, Tex., for plaintiff-appellant.

Farrell Bolz, Farrell Bolz & Associates, Houston, Tex., for defendant-appellee.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

PER CURIAM:

John Forsythe appeals the district court's order denying his motion to alter or amend the court's judgment that dismissed his case against Saudi Arabian Airlines Corporation. For the reasons set forth below, we VACATE and REMAND for further proceedings in conformance with this opinion.

Appellant John K. Forsythe (Forsythe), an American citizen, entered into an employment agreement with appellee Saudi Arabian Airlines Corporation (Saudi) to provide services as a commercial airline pilot. The contract specified that all disputes would be resolved by the Labor and Settlement of Disputes Committee in Saudi Arabia and that the laws of Saudi Arabia would apply. Forsythe undertook his flying duties in Saudi Arabia and for the duration of his employment performed entirely outside of the United States. Unhappily, after less than a year with the airline Forsythe was discharged, purportedly for failing proficiency and evaluation checks.

Forsythe did not contest his discharge in the Saudi Arabian forum contemplated in his employment agreement. Instead, he filed a petition in Texas state court, seeking damages for wrongful discharge. Forsythe alleged breach of contract, breach of the implied covenant of good faith and fair dealing, duress, and intentional infliction of emotional distress.

Saudi petitioned for removal to federal district court based on its status as a "foreign state." 28 U.S.C. § 1441(d).[1] Promptly after the action was removed, Saudi filed a Rule 12(b) motion to dismiss, claiming failure to state a claim and lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1602–1611. Saudi added an alternative ground of *forum non conveniens* in a supplemental motion.

Curiously, Forsythe failed to contest Saudi's FSIA immunity in his response to the motion to dismiss,[2] or at any other time

1. For purposes of removal, § 1441(d) incorporates the definition of foreign state set forth in the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603(a): "A "foreign state" ... includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state...." Saudi is a corporation formed under the laws of Saudi Arabia and wholly owned by the government. The district court determined, and Forsythe does not dispute, that Saudi is an "agency or instrumentality" of Saudi Arabia, and thus a foreign state for jurisdictional purposes.

2. Forsythe apparently believed that Saudi based its claim of immunity solely on the forum selection clause contained in the parties' contract, under which disputes would be submitted to the Labor and Settlement of Disputes Committee in Saudi Arabia. Forsythe argued in his response to Saudi's motion to dismiss that "[h]istorically, [forum selection clauses] have been found to be against public policy and have not been enforced." The United States Supreme Court has explicitly rejected this view. In *The Bremen v. Zapata Off–Shore Co.*, Chief Justice Burger established a strong presumption in favor of the validity of forum selection clauses. 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). "[I]n the light of present-day commercial realities and expanding international trade we conclude that the forum clause should control absent a strong showing that it should be set aside." *Id.* at 15, 92 S.Ct. at 1916. *See also Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 629, 631, 105 S.Ct. 3346, 3355, 3356, 87 L.Ed.2d 444 (1985) ("concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes" required enforcement of contractual arbitration clause; the Court noted the strong federal policy in favor of arbitral dispute resolution, particularly when international commercial transactions are involved, as well as a judicial commitment to the enforcement of freely negotiated

prior to his motion for a new trial.[3] Forsythe did, however, file an amended complaint, in which he alleged that Saudi (1) solicited his services through an El Paso, Texas, newspaper advertisement, (2) initially contacted him in Texas, and (3) "made oral representations to [him] to induce him to enter into the contract the subject of this cause of action in El Paso, Texas, and in Kansas City, Missouri."[4]

On December 8, 1988, the district court granted Saudi's motion and entered a final judgment dismissing Forsythe's case. The court found that Saudi was a "foreign state" and that none of the exceptions to immunity enumerated in the FSIA applied. Alternatively, the court concluded that *forum non conveniens* required that the suit be prosecuted in Saudi Arabia.

Forsythe promptly filed a "Motion for New Trial," which the district court denied. He now appeals the order denying his motion for new trial.

Our first task is to identify the character of Forsythe's postjudgment motion. This determination will then define our role in reviewing the district court's denial of the motion.

Forsythe styled his postjudgment motion a "Motion for New Trial," without designating one of the Federal Rules of Civil Procedure. Both Fed.R.Civ.P. 59(e) and Fed.R.Civ.P. 60(b) may offer a party the relief that Forsythe sought: a change in the court's judgment. The rules differ in two important respects, however. First, a Rule 59(e) motion must be served no later than ten days after entry of the judgment. Rule 60(b) motions may be filed during a much longer period of time—up to one year

after judgment for certain stated grounds, and "within a reasonable time" for all remaining grounds. Second, a Rule 59(e) motion to alter or amend a judgment tolls the time period for filing a notice of appeal from the judgment; a Rule 60(b) motion does not. Fed.R.App.P. 4(a)(4).

Our en banc decision in *Harcon Barge Co. v. D & G Boat Rentals, Inc.* established a bright-line test for characterizing a motion that questions the substantive correctness of a judgment. A motion served within ten days after judgment, which in effect requests the district court to alter or amend the judgment, will be treated as a Rule 59(e) motion. *Harcon Barge*, 784 F.2d 665, 667–69 (5th Cir.), *cert. denied*, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986).

█ The district court entered its order and final judgment on December 8, 1988. Forsythe served his motion within the ten-day time limit prescribed in Rule 59(e).[5] Consequently, his motion must be construed as a Rule 59(e) motion to alter or amend the order and concomitant judgment dismissing his case. We review the district court's denial of a Rule 59(e) motion under an abuse of discretion standard. *Youmans v. Simon*, 791 F.2d 341, 349 (5th Cir.1986).

█ The FSIA is the exclusive means by which a foreign state, as that term is defined in the Act, may be sued in a United States federal court. Under the FSIA, a foreign state is immune from suit—and the district court lacks jurisdiction—unless one of the specific exceptions contained in sections 1605–1607 is found to apply. 28 U.S.C. § 1604.

choice-of-forum clauses); *In re Fireman's Fund Ins. Companies*, 588 F.2d 93, 95 (5th Cir.1979) ("Where the parties have by contract selected a forum, it is incumbent upon the party resisting to establish that the choice was unreasonable, unfair, or unjust.") Forsythe's attempt to distinguish his contract based on Saudi's greater bargaining position was unpersuasive, as the cases cited in his brief were dissimilar to these facts and did not involve international relations.

**3.** As explained below, we construe this motion as a Rule 59(e) motion to alter or amend a judgment.

**4.** Forsythe also alleged in his amended complaint that his written contract with Saudi provided that he would serve as a commercial airline pilot in the United States. The employment contract contained in the record on appeal indicates to the contrary, as no mention is made as to where services would be performed. Forsythe has not pursued this assertion on appeal.

**5.** The service date of Forsythe's motion was December 19, 1988. However, under the rules for computing time periods of less than eleven days, Saturdays and Sundays are excluded. His motion was therefore timely. Fed.R.Civ.P. 6(a).

Prior to the dismissal of his case, Forsythe did not attempt to persuade the court that any of the FSIA exceptions applied to divest Saudi of immunity in this case. He proffered neither legal arguments nor evidence outside the pleadings to bolster the jurisdictional facts that the court could consider in ruling on Saudi's motion to dismiss.[6] Moreover, he did not explain his failure to do so in his Rule 59(e) motion.

In his motion, Forsythe argued for the first time that the "commercial activity" exception of section 1605(a)(2)[7] should apply to Saudi's job advertising and interviewing activities in the United States, thereby depriving Saudi of immunity. The order of December 8, 1988, reflects that, on its own initiative, the district court specifically considered and rejected the merits of a section 1605(a)(2) exception.

Forsythe appended an affidavit to his motion that contained factual assertions relevant to a nexus between Saudi's commercial activities and the United States. However, this affidavit merely reiterated and expanded slightly on the claims contained in Forsythe's First Amended Complaint. It presented no pertinent facts that were not already before the district judge when he entered judgment. *See Natural Resources Defense Council, Inc. v. EPA*, 705 F.Supp. 698, 701–02 (D.D.C.), *vacated on other grounds*, 707 F.Supp. 3 (D.D.C. 1989) (district court properly exercises its discretion in declining to relitigate arguments and evidence already considered, or to consider new evidence that was available earlier, but not presented).

Finally, Forsythe did not even address in his motion the district court's alternative ground for ordering dismissal, *forum non conveniens*. Under these circumstances, we find that the district court acted well within its discretion in denying Forsythe's Rule 59(e) motion.

Our inquiry does not end there, however. Although Forsythe's notice of appeal specifies that he is appealing the March 3, 1989 order, which denied his Rule 59(e) motion, it is apparent from his briefs that his actual intent is to appeal also from the judgment.[8] We proceed on that basis. The faulty notice of appeal has not misled or prejudiced Saudi, since its appellee's brief fully addresses the merits of both grounds for the district court's order of dismissal.

---

6. Of course, a party cannot waive subject matter jurisdiction by its silence. A federal court must make its own determination of whether it is empowered to hear a case. In making this determination, however, a district court may rely not only on the pleadings; it may consider conflicting evidence—contained in affidavits, for example—and make its own resolution of disputed jurisdictional facts. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).

   Under the FSIA, Saudi carried the burden of persuading the court that it was entitled to immunity. Once it made a prima facie showing of FSIA protection, however, Forsythe assumed a burden of going forward with some facts to show that an exception to immunity existed. The ultimate burden of persuasion remained at all times on Saudi. *See* H.R.Rep. No. 1487, 94th Cong., 2d Sess., *reprinted in* 1976 U.S.Code Cong. & Ad.News 6604, 6616; 7b Moore, Waxner, Fink, Epstein, & Grotheer, *Moore's Federal Practice* § 1604 (2d ed. 1989). In applying FSIA law to the facts of the lawsuit, the district court had only the assertions contained in Forsythe's amended complaint to show Forsythe's version of the jurisdictional facts.

7. 28 U.S.C. § 1605(a)(2) provides:

   (a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—
   (2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

8. The Supreme Court has determined, and this circuit has subsequently held, that an appeal is not lost due to a mistake in designating the judgment being appealed. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Kicklighter v. Nails by Jannee, Inc.*, 616 F.2d 734, 738–39 n. 1 (5th Cir.1980); *Woodham v. American Cystoscope Co.*, 335 F.2d 551, 555–56 (5th Cir.1964). Forsythe's appeal is not time barred because, as explained above, a Rule 59(e) motion tolls the time for appealing a judgment under Fed.R.App.P. 4(a). Forsythe filed his notice of appeal within the prescribed thirty-day time period, which began to run from the date of the district court's order denying his motion to alter or amend. Fed.R.App.P. 4(a)(4).

We turn, therefore, to a review of the district court's decision to dismiss Forsythe's claims. Because we can dispose of this case on the basis of *forum non conveniens*, we need not, and do not, review the district court's determination that it lacked subject matter jurisdiction under the Foreign Sovereign Immunities Act.[9]

A dismissal under the doctrine of *forum non conveniens* may be reversed only for a clear abuse of discretion. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981); *In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1166 (5th Cir.1987) (en banc), *vacated and remanded on other grounds sub nom. Pan Am. World Airways, Inc. v. Lopez*, — U.S. —, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989). Under the procedural framework announced in *In re Air Crash Disaster*, a district court considering a motion to dismiss for *forum non conveniens* is required first to determine if an adequate alternative forum exists to entertain the case, and then to weigh the private and public interest factors to determine whether the balance favors dismissal. *In re Air Crash Disaster*, 821 F.2d at 1165–66. The district judge is also required to set out his findings and conclusions supporting a *forum non conveniens* determination, because we will not perform a de novo review of this issue.

In its order of dismissal, the district court determined that the Labor and Settlement of Disputes Committee in Saudi Arabia was an appropriate alternative forum for Forsythe to litigate his claim. Moreover, the parties had agreed in their contract to bring all disputes before this tribunal. There is no indication that a Saudi Arabian forum would treat Forsythe unfairly or deprive him of all remedies. Thus, the court's conclusion that an adequate alternative forum existed was reasonable.

In evaluating the private interests of the litigants, a court should be deferential to an American plaintiff's choice of his home forum. *Reyno*, 454 U.S. at 255, 102 S.Ct. at 265. However, this factor cannot be given dispositive weight. *Id.* at 256 n. 23, 102 S.Ct. at 266 n. 23. The district court considered the other relevant private interest factors and concluded that Saudi Arabia would be the more convenient forum. The court noted Forsythe's arguments that (1) it would be inconvenient for him to travel to Saudi Arabia,[10] and (2) Saudi has significant contacts in Texas. However, the court concluded that Forsythe's lawsuit centered around the alleged wrongful termination of his employment contract, which occurred in Saudi Arabia. Thus, the ease of access to witnesses and documents favors the Saudi Arabian forum.

Even if the private conveniences of the litigants were nearly in balance, however, "a trial court has discretion to grant forum non conveniens dismissal upon finding that retention of jurisdiction would be unduly burdensome to the community, that there is little or no public interest in the dispute or that foreign law will predominate if jurisdiction is retained." *In re Air Crash Disaster*, 821 at 1165–66. The court considered the uncontested fact that Saudi Arabian law would apply to this dispute, as provided in the parties' choice-of-law provision. A district court's avoidance of unnecessary problems involved in the application of foreign law is of "considerable signifi-

---

9. For the reasons stated below, we are vacating the district court's judgment and remanding the case to that court for entry of a revised judgment. In the event the conditions of that dismissal are not met, and Forsythe is compelled to return to this forum, the district court should at that time reconsider its holding regarding Saudi's immunity under the FSIA. If the court is satisfied with its prior determination, it should reinstate its dismissal, although without prejudice, based on lack of subject matter jurisdiction. Forsythe can then file a new notice of appeal within the period provided in Fed.R. App.P. 4(a), which period will begin to run from the date of the district court's reinstated judgment.

10. We note that Forsythe has offered no explanation, either to the district court or to us on appeal, as to why he did not seek relief in the Labor and Settlement of Disputes Committee in Saudi Arabia while he was still in that country and had the opportunity to do so.

cance." *See Feenerty v. Swiftdrill, Inc.,* 706 F.Supp. 519 (E.D.Tex.1989).

The court also determined that the contract made the basis of this lawsuit was executed, and was allegedly breached, in Saudi Arabia. It contained choice-of-law and choice-of-forum provisions tying the dispute to that country. Furthermore, Saudi is a corporation wholly owned by the Saudi Arabian government. We acknowledge that our community has an interest in the hiring and firing of American citizens by foreign corporations; however, in this situation, Saudi Arabia appears to have a greater interest in resolving this dispute than does the United States.

■ Reviewing all the factors considered by the district judge, we conclude that the court was neither unreasonable nor arbitrary in dismissing this case on the alternative basis of *forum non conveniens.*[11] However, we believe that the court should have requested certain minimal stipulations from the defendant to protect Forsythe's opportunity to seek relief in the Saudi Arabian forum.

Therefore, we VACATE the judgment dismissing Forsythe's lawsuit with prejudice and REMAND for entry of a judgment of dismissal without prejudice conditioned on Saudi's agreement to submit to the jurisdiction of the courts of Saudi Arabia and to waive any defense of limitation. Costs shall be borne by Forsythe.

VACATED and REMANDED.

---

**11.** In a reply brief, Forsythe argues that it is not clear from the court's order whether *forum non conveniens* was intended to exist as an alternative grounds for dismissal. We find this argument meritless.