46 F.3d 1125
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Purnell A. KELLY, Plaintiff-Appellant,
v.
UNITED CABLE OF BALTIMORE, d/b/a United Artist Cable of
Baltimore; Euan F. Fannell, President & General Manager;
Gary MacGregor, Director of Marketing; Ken Mock, Sales
Manager; Marika Wilson, Human Resources Manager; Eleanor
Hall, Sales Supervisor, Defendants-Appellees.
 No. 93-1970.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 4, 1994.
Decided Jan. 9, 1995.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Chief District Judge. (CA-91-1997-JFM, CA-91-2314-JFM)
 Purnell A. Kelly, Appellant Pro Se. Craig Forrest Ballew, Deborah Lynn Dawes, SMITH, SOMERVILLE & CASE, Baltimore, MD, for Appellees.
 D.Md.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Purnell A. Kelly appeals from the district court's order granting Defendants' summary judgment motion and dismissing his employment discrimination action, in which he alleged that the United Artists Cable of Baltimore (UACB) and the individual Defendants discriminated against him on the basis of race and sex, and retaliated against him for filing several Equal Employment Opportunity claims by taking or failing to take several actions relating to him,* and, ultimately, by terminating his employment. He also appeals the district court's dismissal of his claim against Ken Mock, former UACB sales manager, for failure to effect service, as well as its dismissal of his claim under the Equal Pay Act of 1963, 29 U.S.C. Sec. 206(d) (1988). Finally, Kelly appeals the district court's denial of his motion pursuant to Fed.R.Civ.P. 59(e).
 
 
 2
 Our review of the record and the materials filed in this Court discloses that this appeal is without merit. Kelly failed to establish a prima facie case of discrimination or reprisal. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir.1985). Moreover, he failed to rebut the legitimate, nondiscriminatory reasons Defendants proffered to support their actions, including their decision to terminate Kelly. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253-56 (1981); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-35 (4th Cir.1991).
 
 
 3
 With regard to his claim of wage discrimination, the record reflects that Kelly testified in deposition that he was not alleging that males were being paid less than females for the same work. Kelly presented no other evidence to state a viable claim pursuant to the Equal Pay Act. We therefore affirm the district court's grant of summary judgment for Defendants.
 
 
 4
 Because the record does not reflect that Kelly effected service upon Ken Mock within 120 days of the filing of his complaint as required by Fed.R.Civ.P. 4(j), we likewise affirm the district court's dismissal of all claims against Mock.
 
 
 5
 Finally, we review the denial of a Rule 59(e) motion for abuse of discretion. Temkin v. Frederick County Comm'rs, 945 F.2d 716 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3578 (U.S.1992). Because Kelly's Rule 59(e) motion merely reiterated facts and legal theories already rejected by the district court, and sought to introduce facts not previously a part of the record, we find that the district court's denial of Kelly's motion was not an abuse of discretion. See Forsythe v. Saudi Arabian Airlines Corp., 885 F.2d 285, 289 (5th Cir.1989).
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Included among Kelly's claims were that his promotion was unlawfully delayed, and that he was unlawfully denied profitable territorial assignments. Kelly further claimed that he was retaliated against by Defendants when they issued an August 20, 1990, warning, allegedly delayed in processing his commission reimbursements, and suspended him in October 1990