IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10216
Conference Calendar
_____

OLIVER J. LEWIS,

Plaintiff-Appellant,

versus

STATE OF TEXAS,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-1859-A
--------------------
August 21, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Oliver J. Lewis (Lewis), Texas prisoner #715638, appeals the district court's dismissal of his *pro se* civil rights action under 42 U.S.C. § 1983 for lack of jurisdiction.

This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Lewis's "Appeal to Vacate" was executed on January 29, 2001, within 10 days of the district court's January 17, 2001, order of dismissal. This motion is treated as one under Fed. R. Civ. P. 59. See Mangieri v. Clifton, 29 F.3d 1012, 1015

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

n.5 (5th Cir. 1994); <u>Harcon Barge Co. v. D & G Boat Rentals, Inc.</u>, 784 F.2d 665, 667 (5th Cir. 1986) (en banc). Lewis filed a motion supplementing his Rule 59 motion. The district court denied this motion. Within 30 days of the district court's denial of his supplemental motion, Lewis filed a motion for leave to proceed *in forma pauperis* (IFP) on appeal. <u>See</u> Fed. R. App. P. 4(a)(1)(A). Lewis's motion to proceed IFP on appeal is treated as a timely notice of appeal as it evinced his intent to appeal. <u>See</u> <u>Robbins v. Maggio</u>, 750 F.2d 405, 408-09 (5th Cir. 1985); <u>see</u> <u>also</u> Fed. R. App. P. 4(a)(4)(B)(i). Accordingly, we have jurisdiction to consider Lewis's appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. <u>See</u> <u>Forsythe v. Saudi Arabian Airlines Corp.</u>, 885 F.2d 285, 289 (5th Cir. 1989).

Lewis concedes that his complaint did not allege a violation of his constitutional rights. Lewis nevertheless argues that the district court erred because it did not allow him an opportunity to amend his pleadings and because it did not consider his *pro se* status. The district court correctly construed Lewis's complaint as a petition for a writ of mandamus ordering the Tarrant County district attorney or custodian or records to produce DNA test results. Federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. <u>See</u> <u>Moye v. Clerk, DeKalb County Superior Court</u>, 474 F.2d 1275, 1276 (5th Cir. 1973) (citations omitted). To the extent Lewis sought damages for the State's alleged due process violation in not turning over DNA test

results, this claim is barred by Heck v. Humphrey. 512 U.S. 477, 486-87 (1994). As Lewis has failed to brief his ineffective assistance of counsel claim, this claim has been abandoned on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Lewis's appeal is without merit and is therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2. The district court's dismissal of this case and this court's dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We caution Lewis that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

DISMISSED AS FRIVOLOUS; WARNING ISSUED.