# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

RONALD L. GIBSON, d/b/a Gibson
Insurance Agency, Incorporated,
　　　　　　　*Plaintiff-Appellant,*

v.

ALLSTATE INSURANCE COMPANY,
　　　　　　　*Defendant-Appellee.*

⎱
⎰
No. 02-1969

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CA-02-50)

Submitted: April 21, 2003

Decided: May 15, 2003

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Ronald L. Gibson, MURPHY & CHAPMAN, P.A., Charlotte, North
Carolina, for Appellant. Brian D. Edwards, ALSTON & BIRD,
L.L.P., Charlotte, North Carolina; Robert G. Lian, Jr., AKIN, GUMP,
STRAUSS, HAUER & FELD, L.L.P., Washington, D.C., for Appel-
lee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Ronald L. Gibson, an independent contractor insurance agent for Allstate Insurance Company (Allstate), filed this civil complaint against Allstate in which he alleges common law fraud and unfair and deceptive trade practices violating North Carolina law.* The district court granted Allstate's Motion to Dismiss Complaint Pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(6), and dismissed the suit without prejudice. The district court specifically dismissed the case pursuant to Rule 12(b)(1) because the complaint was not ripe for lack of actual injury and the court lacked subject matter jurisdiction for lack of a justiciable case or controversy, and pursuant to Rule 12(b)(6) because the complaint was legally insufficient. By separate order also appealed, the district court denied Gibson's Fed. R. Civ. P. 59(e) motion because it did not raise any issue not already considered by the court in rendering its decision on the underlying action.

Gibson's complaint alleges he purchased a "book of business" representing the economic interest in the insurance policies previously sold by the former agent, and began operating the agency as his own. He asserts that prior to his purchase of this economic interest, Allstate set a series of sales and other agency growth and loss ratio objectives as part of a scheme to terminate agency contracts, including his, in an effort to avoid payment of commissions on previously sold insurance contracts. Gibson received a letter from Allstate indicating Allstate might terminate his agency contract if the agency was not on track to achieve Allstate's expectations by May 2002. In anticipation of the termination of his contract with Allstate, Gibson filed this lawsuit. May 2002 came and went and Allstate did not terminate Gibson's contract.

---

*The case, originally filed in North Carolina state court, was removed to federal court by Allstate.

We review *de novo* the district court's dismissals pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6). *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 648 (4th Cir. 1999); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 467 (4th Cir. 1999). Our review of the record and the parties' briefs reveals that Gibson has not suffered either termination of his contract with Allstate resulting in economic loss, or the sale of his agency resulting in actual economic loss which may be legally attributable to the actions of Allstate. Hence, we find the district court correctly dismissed Gibson's action without prejudice under Rules 12(b)(1), 12(b)(6). Accordingly, we affirm the district court's dismissal of the underlying action.

We further affirm the district court's denial of Gibson's Rule 59(e) motion. *Collison v. International Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994). Rule 59(e) may not be used to resurrect facts and legal theories already considered and rejected by the court. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*