**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 17, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50502
Summary Calendar

LI YU, Administrator of Deceased Wei Wu's Estate,

Plaintiff-Appellant,

versus

RICK PERRY, in his official capacity only as the Governor of the
State of Texas; DARLENE BYRNE, Individually and in her official
capacity as Judge of Texas Court; GREG ABBOTT, Texas Attorney
General, in his official capacity as Texas Attorney General; JOHN
CORNYN, in his individual capacity,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CV-157-SS
---------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Li Yu appeals the district court's dismissal of her civil
rights complaint alleging that certain Texas statutes were
unconstitutional and that the named defendants violated various
constitutional rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Yu sued Governor Rick Perry in the name of the state of Texas and in his official capacity. To the extent that Yu's complaint is against the State of Texas itself, the state is immune from suit under the 11th Amendment. See Employees v. Missouri Public Health & Welfare Department, 411 U.S. 279, 280 (1973). To the extent Yu seeks damages from Perry in his official capacity, he is immune from such claims. See Hafer v. Melo, 502 U.S. 21, 27 (1991).

Yu also seeks prospective injunctive relief preventing the enforcement of the allegedly unconstitutional statutes; however, because she has not shown that either Governor Perry or Attorney General Abbot has a "particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty," the district court properly dismissed her official capacity claims against both officials. See Okpalobi v. Foster, 244 F.3d 405, 416 (5th Cir. 2001) (en banc).

Yu also argues that the district court erred in not granting a default judgment against Governor Perry. The entry of a default judgment is committed to the discretion of the district court; a party is not entitled to a default judgment as a matter of right even when the defendant is technically in default. See Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996); Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977). Even if a party fails to answer the complaint, the district court cannot enter a default judgment if it lacks subject matter jurisdiction.

See United States v. Texas Tech Univ., 171 F.3d 279, 285 n.9, 288 (5th Cir. 1999) (Eleventh Amendment immunity deprives court of subject matter jurisdiction); Forsythe v. Saudi Arabian Airlines, 885 F.2d 285, 288 n.6 (5th Cir. 1989) ("a party cannot waive subject matter jurisdiction by its silence."). As discussed above, because the district court properly dismissed Yu's claims against Governor Perry, it did not abuse its discretion by refusing to enter a default judgment.

Yu's claims against Judge Byrne were also properly dismissed. Judicial officers are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. Mays v. Sudderth, 97 F.3d 107, 110-11 (5th Cir. 1996). Judicial immunity may be overcome only by showing that the actions complained of were nonjudicial in nature or were taken in the complete absence of all jurisdiction. Mireless v. Waco, 502 U.S. 9, 11-12 (1991). Yu has not shown that Judge Byrne lacked jurisdiction or that her actions were nonjudicial in nature.

Yu's claims against former Texas Attorney General John Cornyn in his individual capacity also were properly dismissed. Yu has not shown that Cornyn had any personal involvement other than his role as Attorney General; however, a supervisor may not be held liable for a civil rights violation under a theory of respondeat superior or vicarious liability. See Stewart v. Murphy, 174 F.3d 530, 536 (5th Cir. 1999).

AFFIRMED.