IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No.  96-60117

Summary Calendar
_____


WILLIAM A HARRINGTON

Plaintiff-Appellant,

v.

MARVIN T RUNYON, Postmaster General of the United States Postal
Service

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(4:92CV2-B-0)
_____

September 3, 1996
Before KING, HIGGINBOTHAM, and STEWART, Circuit Judges.

PER CURIAM:*

    William Harrington appeals the district court's final

judgment, entered on December 8, 1995, granting summary judgment

in favor of Marvin Runyon and the order denying his motion for

_____

    *Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

extension of time to file a motion for reconsideration entered on January 25, 1996. Because Harrington's notice of appeal was not timely filed with respect to the summary judgment order, we dismiss that appeal. The notice of appeal for the motion for an extension of time to file a motion for reconsideration was timely and we affirm the district court's decision denying the motion.

## I.  BACKGROUND

On January 3, 1994, after exhausting his administrative remedies, William Harrington ("Harrington") filed a Title VII discrimination suit against Marvin Runyon ("Runyon"), the Postmaster General of the United States. On May 11, 1995, Runyon filed a motion for summary judgment which was granted on December 8, 1995, and the case was dismissed with prejudice. On January 10, 1996, Harrington filed a motion to extend time to file a motion for reconsideration. On January 25, 1996, the district court denied the motion for extension of time. On February 23, 1996, Harrington filed a notice of appeal.

## II.  DISCUSSION

### A.  Appeal of the Summary Judgment

The order for summary judgment was filed on December 8, 1995. Federal Rule of Appellate Procedure 4(a) states that notice of appeal must be filed within 30 days of the entry of the

judgment or order appealed from unless the United States Government is a party to the suit in which case the time to file a notice of appeal is extended to sixty days.  Fed. R. App. P. 4. Following this rule, the last day on which Harrington could have filed a timely notice of appeal of the summary judgment was February 6, 1996.  In this case however, the notice of appeal was not filed until February 23, 1996, seventeen days after the deadline had passed.  The notice of appeal was not timely filed; therefore, we are without jurisdiction over Harrington's appeal from the summary judgment.


**B.  Appeal of the motion for extension of time to file a motion for reconsideration.**

In the Federal Rules of Civil Procedure there is no "motion for reconsideration" *in haec verba.*  Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), cert. denied, 510 U.S. 859 (1993).  Any motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b). Id.  If the motion is filed within ten days of the entry of the order or judgment, it will be treated as a 59(e) motion; if it is filed after ten days, it will be treated as a 60(b) motion. Forsythe v. Saudi Arabian Airlines Corp., 885 F.2d 285, 288 (5th Cir. 1989), Harcon Barge Co., v. D & G Boat Rentals, Inc., 784

F.2d 665, 667-69 (5th Cir. 1986)(en banc), <u>cert. denied</u>, 479 U.S. 930.  Rule 59(e) states that a motion to alter or amend must be filed no later than 10 days after the entry of the judgment. Fed. R. Civ. P. 59(e).  "The requirement that post-trial motions be filed within the relevant ten day period after entry of judgment is jurisdictional, and may not be extended by a waiver of the parties or by a rule of the district court."  <u>United States Leather, Inc. v. H & W Partnership</u>, 60 F.3d 222, 225 (5th Cir. 1995).  Failure to serve a motion within the time prescribed deprives the district court of jurisdiction to alter or reconsider its earlier judgment.  <u>Id.</u>

In this case Harrington filed a motion for an extension of time to file a motion to reconsideration.  The motion was filed on January 10, 1996, which was not within 10 days of the entry of the judgment; therefore, it would not be a valid Rule 59(e) motion.  Moreover what Harrington actually filed was a motion for an extension of time which the court had no authority to grant even had it been timely filed.  As stated above, motions filed after 10 days will be treated under Rule 60(b).  In this case, under Rule 60(b), there was no need for Harrington to file a motion for an extension of time.  A Rule 60(b) motion may be filed up to a year after the judgment for certain stated grounds and "within reasonable time" for all other grounds.  <u>Forsythe</u>, 885 F.2d at 288.  Therefore, there was no need for Harrington to file a motion for an extension of time.

4

### III. CONCLUSION

For the foregoing reasons, we DISMISS the appeal of the summary judgment for lack of jurisdiction and AFFIRM the district court's denial of the motion for an extension of time.