FERROUS FINANCIAL SERVICES CO.,
an Oregon corporation, Plaintiffs,

v.

O/S ARCTIC PRODUCER, her engines,
tackle, apparel, furniture, etc., in rem, et
al., Defendant and Third Party Plain-
tiffs,

v.

HALTON TRACTOR CO., an Oregon
corporation, et al., Third Party
Defendants.

No. C83–321B.

United States District Court,
W.D. Washington,
Seattle.

July 14, 1983.

Craig L. Nodtvedt of LeGros, Buchanan, Paul & Whitehead, Seattle, Wash., for plaintiff.

William E. Fitzharris, Jr., of Wolf, Griffith, Bittner, Abbott & Roberts, Seattle, Wash., and William A. Davis, Wolf, Griffith, Bittner, Abbott & Roberts, Portland, Or., for plaintiff and third party defendants.

George H. Luhrs, Seattle, Wash., for third party defendants, Roy and Mary Furfiord.

Bruce and Patricia Davis, pro se.

Spencer Hall, Jr., and Matthew Cohen of Mundt, McGregor, Happel, Falconer, Zulauf & Hall, Seattle, Wash., for defendants.

## ORDER OF INTERLOCUTORY SALE

BEEKS, District Judge.

At a time prior to March 1, 1981, plaintiff and in personam defendants agreed on the sale of ARCTIC PRODUCER. The in personam defendants executed and delivered to plaintiff a promissory note of $3,142,877 secured by a preferred ship mortgage on defendant vessel.

Plaintiff alleges that defendants are in default with respect to said note and mortgage and on March 11, 1983, filed a complaint *in rem* and *in personam* to foreclose the preferred ship mortgage. Plaintiff caused the arrest of defendant vessel, which remains in the Marshal's custody this date. Defendants, by way of answer, affirmative defenses, counterclaims, and third party claims contend that, in connection with the sale of defendant vessel, plaintiff and third party defendants made material misrepresentations of fact regarding ARCTIC PRODUCER's capabilities and that such misrepresentations constitute fraud, breach of con-

tract, and breach of expressed and implied warranties.

Plaintiff now moves for the interlocutory sale of defendant vessel pursuant to Fed.R. Civ.P. E(9)(b) Supplemental Rules for Certain Admiralty and Maritime Claims. Plaintiff contends that defendant vessel is deteriorating, that the expense of keeping the property is excessive or disproportionate, and there is an unreasonable delay in securing the release of the vessel. Defendants oppose each of plaintiff's aforementioned contentions and state they are financially unable to obtain a bond to release ARCTIC PRODUCER. Furthermore, defendants contend that the interlocutory sale of ARCTIC PRODUCER, without the court first rendering judgment, is a deprivation of property without due process of law in violation of the Fifth Amendment of the United States Constitution.

Defendants' contention that the interlocutory sale of defendant vessel is a deprivation of property in violation of due process is unpersuasive, without merit, and is rejected. The interlocutory sale of a vessel is not a deprivation of property but rather a necessary substitution of the proceeds of the sale, with all of the constitutional safeguards necessitated by the *in rem* process.

The involved nature of defendants' affirmative defenses, counterclaims, and third party claims render it unlikely that this case will be resolved within the current year. Furthermore, no attempt has been made to release defendant vessel although it has been under arrest since March 11, 1983. The annual cost of keeping said vessel at the current rate is approximately $166,000, $48,000 thereof having been expended since the institution of this action. The court makes no finding with respect to the contention of deterioration but finds that there is an unreasonable delay in securing the release of defendant vessel and that the expense of keeping said vessel is excessive. Accordingly, the motion for interlocutory sale is granted. Plaintiff shall prepare an order, approved by the United States Marshal, directing the interlocutory sale of defendant vessel in accordance with the rules of this court at a time and place to be fixed by said Marshal.