**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**
No. 92-9572

SILVER STAR ENTERPRISES, INC., ET AL.,

                    Plaintiffs-Appellees,

versus

M/V SARAMACCA, Her Engines, Tackle,
Apparel, Etc., in rem,

                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____
(April 21, 1994)

Before HENDERSON,[*] SMITH, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Silver Star Enterprises, Inc. ("Silver Star") brought an action in rem to foreclose on two preferred mortgages on the M/V SARAMACCA, a vessel of the Republic of Suriname.  Prejudgment arrest of the vessel occurred in the Port of New Orleans.  The owner of the M/V SARAMACCA appeals several rulings of the district court regarding the foreclosure action, including the court's order for interlocutory sale of the vessel pursuant to Rule E(9)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.  We dismiss the appeal of certain rulings pursuant to the separate document requirement of

---

[*]       Circuit Judge of the Eleventh Circuit, sitting by designation.

Fed. R. Civ. P. 58, and dismiss the appeal of another ruling for lack of appellate jurisdiction. Consequently, the only issue before us is the propriety of the interlocutory sale. Because it is undisputed that the owner of the M/V SARAMACCA failed to secure the release of the vessel during the seven months between the time of arrest and the sale order, we affirm the court's interlocutory sale order and vacate our prior order which stayed the sale of the vessel pending appeal.

## I

Scheepvaart Maatschappij Suriname, N.V. ("SMS"), an agency of the Republic of Suriname, is the owner of the M/V SARAMACCA. In 1989 and 1990, Silver Star took two preferred mortgages on the M/V SARAMACCA as security for certain loans. Those mortgages allegedly secured an amount up to $1.3 million.

When SMS defaulted on the underlying loans, Silver Star brought an action in rem to foreclose on the two foreign ship mortgages. The district court had subject matter jurisdiction over the action pursuant to an exception to the Federal Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 et seq. (1988), which provides that "[a] foreign state shall not be immune from the jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage . . . ."[1] 28 U.S.C.

---

[1] "The FSIA is the exclusive means by which a foreign state, as that term is defined in the Act, may be sued in a United States federal court. Under the FSIA, a foreign state is immune from suit))and the district court lacks subject matter jurisdiction))unless one of the specific exceptions contained in sections 1605-1607 is found to apply." *Forsythe v. Saudi Arabian Airlines Corp.,* 885 F.2d 285, 288 (5th Cir. 1989).

§ 1605(d).  As part of its foreclosure action, Silver Star effected the prejudgment arrest of the M/V SARAMACCA on April 15, 1992.[2]  On June 8, 1992, SMS moved to dismiss Silver Star's complaint on the ground that Silver Star was a dissolved corporation with no capacity to sue or contract.  By minute entry, the district court denied the motion to dismiss.  The court did not sign or enter a separate judgment.

On August 18, 1992, Silver Star moved for the interlocutory sale of the M/V SARAMACCA pursuant to Rule E(9)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.[3]  The district denied Silver Star's motion without prejudice.

On the same day that it moved for the sale of the vessel, Silver Star also moved for summary judgment.  On November 18, 1992, the district court signed a minute entry granting Silver Star partial summary judgment in the amount of $728,600, which the court found due and owing to Silver Star.  The court did not sign or

---

[2]  *See* 28 U.S.C. § 1610(e) ("The vessels of a foreign State shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d).").

[3]  Rule E(9)(b) provides:

> If property that has been attached or arrested is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action, or if the expense of keeping the property is excessive or disproportionate, or if there is unreasonable delay in securing the release of property, the court, on application of any party or of the marshal, or other person or organization having the warrant, may order the property or any portion thereof to be sold; and the proceeds, or so much thereof as shall be adequate to satisfy any judgment, may be ordered brought into court to abide the event of the action; or the court may, upon motion of the defendant or claimant, order delivery of the property to the defendant or claimant, upon the giving of security in accordance with these rules.

enter a separate judgment. By minute entry dated November 25, 1992, the court clarified its earlier minute entry by finding that an amount up to $1.3 million was secured by the two mortgages. The court also stated that the purpose of the non-jury trial would be to determine what amount beyond $728,600 was due and owing to Silver Star. Again, the court did not sign or enter a separate judgment.

On November 19, 1992, Silver Star renewed its motion for the interlocutory sale of the M/V SARAMACCA, citing the excessive expense of keeping the vessel under seizure and the unreasonable delay taken by SMS in posting security for the release of the vessel. On November 20, 1992, the district court granted the motion and ordered that the vessel be sold by public auction on December 24, 1992. The court set forth its order for interlocutory sale on a separate document.

On December 1, 1992, one day before trial, SMS filed motions to reconsider the grant of partial summary judgment and the interlocutory sale order, as well as a motion to dismiss for lack of subject matter jurisdiction. All the motions were premised on SMS's argument that it had redeemed the mortgages in Suriname on or around November 27, and that its redemption divested the district court of subject matter jurisdiction since jurisdiction was originally premised upon an action to foreclose on preferred mortgages. By minute entry dated December 2, 1992, the motions were denied. The court did not sign or enter a separate judgment.

-4-

At the one-day trial, SMS stipulated to certain amounts due and owing to Silver Star, and preserved for appeal its argument that the alleged redemption of the mortgages divested the district court of subject matter jurisdiction. The only issue at trial was whether $24,800 in interest and finance charges relating to a certain loan were owed to Silver Star. The district court ruled that this item was also recoverable. The court delayed entry of final judgment until such time as the remaining claims of other creditors were resolved.

After trial and before the auction date, SMS sought the release of the vessel by providing substitute security to Silver Star. A dispute between SMS and Silver Star as to the appropriate amount of the security prompted SMS to file a motion to fix security for release of the vessel. The motion was opposed by certain unsecured creditors. By minute entry dated December 22, 1992, the district court ordered that if SMS wanted the vessel released and the sale cancelled, it had to post a bond in favor of all creditors, whether secured or unsecured. The court did not sign or enter a separate judgment.

On December 23, 1992, SMS filed its notice of appeal and filed an emergency motion with this Court to stay the sale of the ship. We granted SMS's motion for stay, pending the resolution of its appeal. On appeal, SMS contends that the district court: (1) erred in denying its motion to dismiss based on Silver Star's alleged lack of capacity to sue and contract; (2) erred in granting partial summary judgment in favor of Silver Star; (3) erred in

-5-

ordering the interlocutory sale of the M/V SARAMACCA; (4) erred in denying its motions for reconsideration of the partial summary judgment and the interlocutory sale order; (5) erred in denying its motion to dismiss for lack of subject matter jurisdiction; and (6) erred in ordering that SMS post special release bonds in favor of the intervening plaintiffs who held unsecured claims against the M/V SARAMACCA.

## II

### A

*Procedural and jurisdictional defects*

We initially address Silver Star's motion to dismiss certain issues on appeal for failure to satisfy the separate document requirement of Fed. R. Civ. P. 58. Rule 58 provides in part that "[e]very judgment shall be set forth on separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." Rule 79(a) of the Federal Rules of Civil Procedure requires that all judgments and orders filed in each case be entered on the civil docket kept by the clerk of the district court. SMS appeals, *inter alia,* from the district court's denial of its motion to dismiss based on Silver Star's alleged lack of capacity to sue or contract, the court's grant of partial summary judgment for Silver Star, the court's denial of its motions for reconsideration, and the court's denial of its motion to dismiss for lack of subject matter jurisdiction. The record demonstrates that the district court evidenced those rulings by minute entries only, and never signed or entered a separate judgment regarding

-6-

those rulings. We therefore hold that the appeal from those rulings is premature under the separate document requirement of Rule 58.[4]

The record reflects that the interlocutory sale order was set forth in a separate document and entered on the clerk's civil docket. The interlocutory sale order therefore satisfied the requirements of Rule 58. We also have appellate jurisdiction over the sale order pursuant to 28 U.S.C. § 1292(a)(3) (1988),[5] because the sale order effectively terminated SMS's rights to title and possession of the M/V SARAMACCA. *See Salazar v. Atlantic Sun,* 881 F.2d 73, 75 (3d Cir. 1989) (holding that a district court's confirmation order of its prior interlocutory sale order was appealable under § 1292(a)(3) because the confirmation order effectively terminated the owner's rights to title and possession of the vessel). The district court's interlocutory sale order also falls within the collateral order exception to the final order rule, as the sale order affects rights that will be irretrievably lost in the absence of an immediate appeal. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S. Ct. 2454, 2457-58, 57 L. Ed. 2d 351 (1978) (stating that to fall within the collateral order

---

[4]     We need not decide whether those rulings were final orders or appealable interlocutory orders because the separate document requirement of Rule 58 applies equally to both kinds of decisions. *See Theriot v. ASW Well Service, Inc.,* 951 F.2d 84, 88 (5th Cir. 1992) ("Irrespective of whether the decision of the district court . . . is otherwise appealable as a final order or as an interlocutory order under [28 U.S.C.] § 1292(a)(3), it still must comply with Rules 58 and 79(a) before an appeal can be taken.").

[5]     Section 1292(a)(3) provides that "[i]nterlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed."

exception, the order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment).[6]

As for the court's ruling that SMS must post a bond in favor of all creditors, the record reflects that the appeal from this ruling is premature under Rule 58.[7] Because Silver Star does not object to the appeal from that ruling, however, we are free to entertain that appeal if the prerequisites for appellate jurisdiction are met.[8] "To be appealable, an order must be final, it must fall within the specific class of interlocutory orders made appealable by statute, or it must fall within some jurisprudential exception." *Lakedreams v. Taylor,* 932 F.2d 1103, 1107 (5th Cir.

---

[6] As an appellate court, we also have the obligation to satisfy ourselves of the jurisdiction of the district court. When the action was filed, it is undisputed that the district court had subject matter jurisdiction over the action pursuant to an exception to the FSIA. *See* 28 U.S.C. § 1605(d). To the extent that SMS argues that its alleged redemption of the mortgages in Suriname divested the district court of jurisdiction, we note that the redemption issue relates not to jurisdiction, but to the merits of SMS's action to foreclose on the two ship mortgages. That the alleged redemption of the mortgages may have been a valid ground to dismiss the cause of action on the merits does not change the fact that the district court had jurisdiction over the action because it was one "brought to foreclose a preferred mortgage." *Id.* We further note that generally speaking, "[f]ederal jurisdiction . . . depends on the state of facts when the suit is filed, and is not lost by a change in the facts afterwards." *Brelsford v. Whitney Trust & Sav. Bank,* 69 F.2d 491, 492 (5th Cir. 1934); *see also Molett v. Penrod Drilling Co.,* 872 F.2d 1221, 1227 (5th Cir.) (stating that in a diversity suit, jurisdiction is ordinarily "determined at the commencement of the lawsuit, such that subsequent occurrences will not divest the court of subject-matter jurisdiction"), *cert. denied,* 493 U.S. 1003, 110 S. Ct. 563, 107 L. Ed. 2d 558 (1989).

[7] The district court's order was not set forth in a separate document.

[8] Rule 58 is not a jurisdictional rule, and thus its requirements may be waived by the parties. *See Bankers Trust Co. v. Mallis,* 435 U.S. 381, 387, 98 S. Ct. 1117, 1121, 55 L. Ed. 2d 357 (1978) ("The same principles of commonsense . . . that led the Court . . . to conclude that the technical requirements for a notice of appeal were not mandatory where the notice `did not mislead or prejudice' the appellee demonstrate that parties to an appeal may waive the separate-judgment requirement of Rule 58.").

1991) (citations omitted).  The district court's ruling does not fall within any of these categories.  The ruling is not a final judgment because it did not end the litigation on the merits and leave nothing for the court to do but execute judgment.  *See* 28 U.S.C. § 1291 (1988); *Askanase v. Livingwell, Inc.,* 981 F.2d 807, 810 (5th Cir. 1993) ("A decision if final when it `ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (attribution omitted)).  The ruling also does not constitute an appealable interlocutory order, as the court's order))requiring that SMS post a bond in favor of all creditors before the vessel could be released))made no determination of the rights and liabilities of the parties.[9]  Lastly, the court's ruling does not fall within a jurisprudential exception to the final order rule.  *See Lakedreams,* 932 F.2d at 1107 n.7 (citing the recognized exceptions of the collateral order doctrine, hardship or irreparable injury, and practical finality).

We reject Silver Star's argument that we have appellate jurisdiction over the court's ruling))that SMS must post a bond in favor of all creditors to effect the release of the vessel))because that ruling is "inextricably entwined" with the court's interlocutory sale order.  *See, e.g., People of State of Illinois v. Peters,* 861 F.2d 164, 166 (7th Cir. 1988) (stating that when an ordinarily unappealable interlocutory order is inextricably entwined with an appealable interlocutory order, the former may be

---

[9]    It is undisputed that the court's order did not fall within the other categories of appealable interlocutory orders.  *See* 28 U.S.C. § 1292(a).

reviewed at the same time "if, but only if, there are compelling reasons for not deferring the appeal of the former to the end of the lawsuit . . . ."). In *Peters,* the court held that a preliminary injunction which froze the appellant's assets was "inextricably entwined" with an order appointing a receiver for those assets. *Id.,* 861 F.2d at 166. There the court noted that if it had ultimately vacated the injunction but let the receivership stand for lack of jurisdiction, the appellant would not have obtained any benefit from his successful appeal of the appealable injunction))i.e., the receiver still would have controlled the assets. *Id.* Here, if we should ultimately vacate the interlocutory sale order, SMS would get the benefit of not having the ship sold, apart from the amount of security it must thereafter post to effect the release of the vessel. We therefore hold that the two orders are not "inextricably entwined" for purposes of exercising pendent appellate jurisdiction. *See id.* (stating that the concept of pendent appellate jurisdiction "is not to be used for the appeal of normally unappealable interlocutory orders that happen to be related, even closely related, to the appealable order"); *see also Ackerman v. Oryx Communications, Inc.,* 810 F.2d 336, 339-40 (2d Cir. 1987); *Kershner v. Mazurkiewicz,* 670 F.2d 440 (3d Cir. 1982) (en banc). Consequently, the only issue properly before is whether the district court erred in ordering the interlocutory sale of the vessel under Rule E(9)(b).[10]

---

[10] SMS also argues that the district court's various interlocutory orders are appealable because they produced and merged into the court's appealable interlocutory sale order. We reject this argument because the record

**B**

*Propriety of the interlocutory sale*

In its renewed motion for interlocutory sale, Silver Star cited (1) the excessive expense of keeping the vessel under seizure, and (2) the unreasonable delay in securing the release of the vessel. Both factors constitute valid and independent grounds for an interlocutory sale. *See* Fed. R. Civ. P. Supp. R. E(9)(b). The district court granted the motion and ordered the sale of the vessel, but made no separate findings of fact or conclusions of law supporting its order.[11] The court did state in its order that Silver Star had moved the court for the interlocutory sale of the vessel pursuant to Rule E(9)(b) and that the "owner of the M/V SARAMACCA ha[d] failed to furnish security . . . ." It is undisputed that SMS failed to post security for the release of the vessel during the seven months between the time of arrest and the court's sale order.[12] This delay in securing the release of the vessel was unreasonable. *See Merchants Nat'l Bank v. Dredge Gen. G.L. Gillespie,* 663 F.2d 1338, 1341-42 (5th Cir. 1981) (holding that the failure to secure the release of a vessel during the eight

---

reflects that the sale order was separate and distinct from the court's other orders.

[11]    Because we are sufficiently informed as to the district court's rationale, and the record contains undisputed facts which support the court's ruling, a remand for findings of fact and conclusions of law is unnecessary. *See Armstrong v. Collier,* 536 F.2d 72, 77 (5th Cir. 1976) (stating that a remand for failure to comply with Fed. R. Civ. P. 52(a) is not required if a complete understanding of the issues may be had without the aid of separate findings); 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2577 (1971).

[12]    The vessel was arrested on April 15, 1992. The district court's interlocutory sale order was filed on November 20, 1992.

-11-

months after arrest constituted an unreasonable delay), *cert. dismissed,* 456 U.S. 966, 102 S. Ct. 2263, 72 L. Ed. 2d 865 (1982); *Ferrous Fin. Serv. Co. v. O/S Arctic Producer,* 567 F. Supp. 400, 401 (W.D. Wash. 1983) (holding that the failure to secure the release of a vessel during the four months after arrest constituted an unreasonable delay). The interlocutory sale was therefore proper pursuant to Rule E(9)(b).

### III

For the foregoing reasons, we DISMISS from this appeal all issues except the propriety of the district court's interlocutory sale order. We AFFIRM the district court's judgment regarding the interlocutory sale of the vessel, and REMAND to the district court to reschedule the date of the sale. We further VACATE our prior order staying the sale of the vessel.