**20TH CENTURY FOX FILM CORPORATION,**
Plaintiff,

v.

**M.V. SHIP AGENCIES, and Sturgeon Atlantic, Ltd., as Claimant–Owner of M/V Sturgeon Atlantic, Defendant.**

**No. 97–109–Civ–J–21–C.**

United States District Court,
M.D. Florida,
Jacksonville Division.

Dec. 11, 1997.

---

James F. Moseley, Jr., Jacksonville, FL, for Plaintiff.

Alan B. Vlcek, Jacksonville, FL, for Defendants.

### *ORDER*

NIMMONS, District Judge.

Filed herein is the Magistrate Judge's Report and Recommendation (Dkt.89) on the disposition of Plaintiff's Motion to Dismiss Defendant's Counterclaim (Dkt.64); Plaintiff's Motion for Interlocutory Sale (Dkt.73); Plaintiff's Motion to Dismiss Defendant's Amended Verified Counterclaim (Dkt.82); and Plaintiff's Motion for Stay of Proceedings and to Compel Arbitration (Dkt.84). Said Report and Recommendation was filed herein November 13, 1997. No objections thereto, whether timely or otherwise, have been filed herein as of the date of this Order. Having reviewed the Report and Recommendation, the underlying motions and responses, as well as the pleadings herein, and being otherwise informed in the premises of this case, the Court will adopt the Report and Recommendation in its entirety.

Upon consideration thereof, it is hereby **ORDERED:**

1. The Report and Recommendation (Dkt.89) is **ADOPTED.**

2. Plaintiff's Motion to Dismiss Defendant's Counterclaim (Dkt.64) is **DENIED as moot** due to the filing of defendant Sturgeon Atlantic's Verified Amended Counterclaim (Dkt.68).

3. The Motion for Interlocutory Sale (Dkt.73) is **GRANTED.** The United States Marshal is **AUTHORIZED and DIRECTED** to sell the vessel Sturgeon Atlantic at public auction. The sale of the vessel, payment for the vessel and confirmation of the sale will be governed by Rule 7.05(r) of the Local Rules of the Middle District of Florida. The sale shall be conducted at a place to be designated by the Marshal. Any net sale proceeds (after payment of Marshal's fees and charges and other costs of sale) shall be deposited into the Court's registry for distribution following resolution of this matter.

4. The United States Marshal is further **DIRECTED** to publish notice of the sale in the form and manner required by Local Rules 7.01(g) and 7.05(q). The sale shall be conducted within **ten (10) days** after publication of notice is completed as required by the Rules and not later than **sixty (60) days** from the date of the District Court's Order approving the sale. In addition to the advertising requirements of the Local Rules, the parties are authorized to publish Notice of Sale and engage in other appropriate advertising in such specialized publications as the parties mutually agree, with cost of this additional advertising to be shared equally. The minimum bid shall be $300,000.00, **inclusive** of any Marshal's fees, publication fees and other costs of sale. If the minimum bid is not achieved, the parties shall report back to the Court within **ten (10) days** of the date of the attempted sale.

5. Plaintiff's Motion for Stay of Proceedings and to Compel Arbitration (Dkt.84) is

**GRANTED.** This case is **STAYED** pending further order of the Court. Notwithstanding the stay, the parties may engage in discovery and all matters incident to the interlocutory sale. The parties shall select all arbitrators **on or before February 1, 1998**; arbitration must commence **on or before June 1, 1998.**

6. Consideration of Plaintiff's Motion to Dismiss Defendant's Amended Verified Amended Counterclaim (Dkt.82) is **STAYED** pending arbitration.

### REPORT AND RECOMMENDATION[1]

CORRIGAN, United States Magistrate Judge.

This case is before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaim (Doc. # 64), filed June 6, 1997; Plaintiff's Motion for Interlocutory Sale (Doc. # 73), filed July 16, 1997; Plaintiff's Motion to Dismiss Defendant's Amended Verified Counterclaim (Doc. # 82), filed September 9, 1997; and Plaintiff's Motion for Stay of Proceedings and to Compel Arbitration (Doc. # 84), filed on October 1, 1997, all of which were referred to the undersigned by Order of United States District Judge Ralph W. Nimmons, Jr. on October 17, 1997 (Doc. # 85). The Court held a hearing on these Motions on November 7, 1997.

Plaintiff's Motion for Stay of Proceedings and to Compel Arbitration requests the Court to stay all proceedings and compel binding arbitration except for the pending Motion for Interlocutory Sale of the attached vessel. Defendants concur that arbitration should be compelled and the action stayed. All parties request that, notwithstanding the stay, they be allowed to proceed with discovery for use in the arbitration and possible later use in this action should the case go forward in the future.

For the following reasons, the Court recommends the Motion to Stay Proceedings and to Compel Arbitration **be granted** and that, except for Plaintiff's Motion for Interlocutory Sale and discovery, this action be **stayed** and the parties compelled to arbitrate.

### 1. Background:

The dispute between the parties concerns a Time Charter Agreement under which plaintiff modified and then utilized the vessel "Sturgeon Atlantic" in the production of a movie entitled "Speed Two". Plaintiff's Complaint (Doc. # 1) filed February 10, 1997, asserted breach of this Time Charter Agreement concerning the vessel the M/V Sturgeon Atlantic (Exhibits "A1" and "A2") and sought arrest and attachment of the vessel. Paragraph 22 of the Time Charter Agreement requires disputes concerning the performance or interpretation of the agreement be submitted to arbitration in Miami, Florida:

> Any disputes arising from the performance or interpretation of this agreement shall be settled through arbitration. Arbitration shall be held in accordance with the Rules of Arbitration Procedures of the Society of Maritime Arbitrators, Inc., New York.... Any arbitration shall be held in Miami, Florida.[2]

Upon plaintiff's Motion for Process of Attachment and Garnishment (Doc. # 3), filed February 10, 1997, the vessel was attached pursuant to Supplemental Rule B on February 11, 1997 (Doc. # 14) and has been in custody since that time.

### 2. This action should be stayed and the parties compelled to arbitrate.

■ Arbitration provisions are governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.). Section 3 provides:

---

**1.** Any party may file and serve objections hereto within TEN (10) days after service of this opinion. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from contesting factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and 9(e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

**2.** The Time Charter Agreement containing this arbitration provision is attached to plaintiff's Amended Verified Complaint (Doc. # 8), filed February 11, 1997 and plaintiff's Second Amended Verified Complaint (Doc. # 32), filed March 17, 1997.

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

Because the parties agreed to arbitrate disputes arising out of the Time Charter Agreement, Plaintiff's Motion to Compel Arbitration should be granted. *American Express Financial Advisors, Inc. v. Makarewicz,* 122 F.3d 936, 940 (11th Cir.1997). Notwithstanding the requested stay, the parties jointly asked that they be allowed to conduct discovery. The Court recommends that they be allowed to do so because discovery will facilitate the parties' ability to successfully arbitrate their claims.

### 3. The Motion for Interlocutory Sale should be granted.

■ Claimant Sturgeon Atlantic, Inc. filed a Motion for Plaintiff to Show Cause Why Arrest Should not be Vacated (Doc. # 18) on February 21, 1997 (on which the Court held an expedited hearing on February 26, 1997), which was denied by the Court on March 17, 1997 (Doc. # 31). On March 31, 1997, Sturgeon Atlantic, Ltd. and M/V Ship Agencies filed a Motion for Release of the Vessel and to Set Bond (Docs.# 43, 44) on which the Court held a hearing on April 1, 1997. On April 15, 1997, this Court ordered bond set at $158,918.00 (Doc. # 51) which the Court found to be the value of plaintiff's claim "fairly stated" plus interest and substitute custodian charges. On May 15, 1997, plaintiff filed a Motion to Increase the Bond (Doc. # 54) and the Court held a hearing on May 28, 1997, granting the Motion on June 5, 1997 to the extent that the amount of the bond was increased at the rate of $392 per day beginning on May 1, 1997 until a bond was posted or until July 31, 1997, whichever first occurred (Doc. # 63). However, since attachment on February 11, 1997, no bond has been posted and the Sturgeon Atlantic has remained in custodial status.

Interlocutory Sale is governed by Supplemental Rule E(9)(b) which provides for sale when property is deteriorating, when the cost of keeping it is disproportionate to the amount of the claim or when there is unreasonable delay in securing the release of the vessel:

> If property that has been attached or arrested is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action, or if the expense of keeping the property is excessive or disproportionate, or if there is unreasonable delay in securing the release of property, the court, on application of any party or of the marshal, or other person or organization having the warrant, may order the property or any portion thereof to be sold; and the proceeds, or so much thereof as shall be adequate to satisfy any judgment, may be ordered brought into court to abide the event of the action; or the court may, upon motion of the defendant or claimant, order delivery of the property to the defendant or claimant, upon the giving of security in accordance with these rules.

Plaintiff need only demonstrate that one of these conditions is present to justify an interlocutory sale of the vessel. *Silver Star Enterprises, Inc. v., M/V Saramacca,* 19 F.3d 1008, 1014 (5th Cir.1994). Plaintiff asserts in its Motion for Interlocutory Sale (Doc. # 73) that the vessel is deteriorating thus depleting its security value, custodial fees are excessive and there has been undue delay in the release of the vessel which has been in custody since February 1997. Attached to the Motion is an affidavit of Dan Woods, surveyor, appraising the vessel at between $150,000 and $250,000.[3]

Defendants' Response to Motion for Interlocutory Sale (Doc. # 78) asserts defendants are not "agreeing [to] (as opposed to totally

---

**3.** Mr. Woods appraised the vessel on March 5, 1997 at the request of the United States Marshal and conducted a supplemental survey of the vessel on June 6, 1997. He opined that the longer the vessel remained idle, the more likely her value will decline.

opposing)" an interlocutory sale, because they do not wish to prejudice or waive any rights in arbitration or for future damage claims. Defendants assert the vessel is worth more than $250,000.00, noting the parties stipulated in the Time Charter Agreement that the market value of the vessel for insurance purposes was one million dollars[4] and plaintiff agreed to return it to defendants in its original condition and value. Defendants also attach an affidavit of Captain Singh that in January 1997, a month prior to the vessel's arrest, he received an offer to charter the vessel for $3,200 a day with an option to purchase for $850,00.00. Also attached to defendants' Response is an affidavit of Atul Pachori[5], surveyor, that as of August 13, 1997, the vessel was worth between $700,000 to $750,000.

At the hearing, defendants offered no argument to counter plaintiff's assertion that there has been undue delay in releasing the vessel and represented that defendants do not have the financial ability to post the bond with would permit release. The Court finds that the eight month delay, with no release in sight and adjudication of the merits of the claim still months away, is "unreasonable" within the meaning of Supplemental Rule E(9)(b) and sale is warranted on that basis. *Silver Star Enterprises, Inc. v. M/V Saramacca*, 19 F.3d 1008, 1014 (5th Cir.1994) (seven month delay is unreasonable); *Ferrous Financial Services Co. v. O/S Arctic Producer*, 567 F.Supp. 400, 401 (W.D.Wash. 1983) (four month delay is unreasonable)[6].

■ The parties have requested the Court to set a minimum bid at the sale. Plaintiff asserts the minimum bid should be $200,000, the approximate amount of its claim, and argues any higher bid could possibly "chill" the sale, while a low minimum bid entices bidders. Defendants assert prejudice by a low minimum bid which would risk loss of any equity in the vessel and urge the Court to set a minimum bid of $500,000. No party was able to provide the Court with legal guidance on setting a minimum bid and the parties essentially asked the Court to use its own best judgment. Additionally, all parties request specialized advertisement to attract serious buyers.

Working from the Court's bond orders of April 15, 1997 and June 5, 1997 (Docs.# 51, 63) which established plaintiff's claim "fairly stated" at $158,918.00 (including custodial charges through April 1, 1997) and further established a custodial rate of $392 per day (including an interest component), the claim amount and custodial charges through December 15, 1997 will exceed $250,000. Without prejudging any final allocation of custodial expenses, to protect both the plaintiff and defendants' interest in having the vessel sold for a high enough price to cover all potential claims and expenses (including costs of sale), the Court recommends the minimum sale price be set at $300,000. The Court rejects defendants' efforts to establish a higher floor price, believing the market will determine whether a higher price can be obtained. To aid the working of the market, the Court recommends the parties be authorized to engage in mutually agreeable extra advertising to try to stimulate buyer interest.

### Recommendation

The undersigned recommends that the District Court enter the following order:

1. Plaintiff's Motion to Dismiss Defendant's Counterclaim (Doc. # 64), filed June 6, 1997, is **moot** due to the filing of defendant Sturgeon Atlantic's Amended Verified Counterclaim (Doc. # 68) filed June 25, 1997.

2. The Motion for Interlocutory Sale (Doc. # 73) is **granted.** The United States Marshal is authorized and directed to sell the vessel Sturgeon Atlantic at public auction. The sale of the vessel, payment for the vessel

---

4. The Time Charter Agreement states that "[t]he current agreed market value of this vessel for insurance purposes is U.S. $1,200,000."

5. Mr. Pachori's affidavit asserts he has been actively involved with this vessel since July 1996 during its modification for plaintiff and for its RINA classification and was with the vessel in February 1997 when it was being remodified to bring it back to its original condition pursuant to the terms of the Time Charter Agreement. Mr. Pachori states he has been on the vessel at least a dozen times since July 1996.

6. Alternatively, the Court finds the other two factors justifying a sale, see pp. 4–5, have been satisfied.

and confirmation of the sale will be governed by Rule 7.05(r) of the Local Rules of the Middle District of Florida. The sale shall be conducted at a place to be designated by the Marshal. Any net sale proceeds (after payment of Marshal's fees and charges and other costs of sale) shall be deposited into the Court's registry for distribution following resolution of this matter.

The Marshal is directed to publish notice of the sale in the form and manner required by Rules 7.01(g) and 7.05(q). The sale shall be conducted within **ten (10) days** after publication of notice is completed as required by the Rules and not later than **sixty (60) days** from the date of the District Court's Order approving the sale. In addition to the advertising requirements of the Local Rules, the parties are authorized to publish the Notice of Sale and engage in other appropriate advertising in such other specialized publications as the parties mutually agree, with cost of this additional advertising to be shared equally. The minimum bid shall be $300,000, **inclusive** of any Marshal's fees, publication fees and other costs of sale. If the minimum bid is not achieved, the parties shall report back to the Court within **ten (10) days** of the date of the attempted sale.

3. The Court **grants** Plaintiff's Motion for Stay of Proceedings and to Compel Arbitration (Doc. # 84). This case is stayed pending further order of the Court. Notwithstanding the stay, the parties may engage in discovery and all matters incident to the interlocutory sale. The parties shall select all arbitrators **on or before February 1, 1998**; arbitration must commence **on or before June 1, 1998.**

4. Consideration of Plaintiff's Motion to Dismiss Defendant's Amended Verified Counterclaim (Doc. # 82), filed September 9, 1997, is **stayed** pending arbitration.

November 12, 1997.