# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60412
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN JOSEPH MAILLET,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:10-CR-60

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

John Joseph Maillet, federal prisoner # 15800-043, appeals from the denial of a motion to reconsider the district court's order construing his motion for return of property under Federal Rule of Criminal Procedure 41(g) as a civil action under 28 U.S.C. § 1331. On appeal, Maillet argues that the district court committed procedural error. He also contends that he is entitled to the return of snakes that the Government allegedly seized from his property.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60412

Even if the parties do not challenge the appellate jurisdiction of this court, we must examine the basis of our jurisdiction, sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). This court has jurisdiction over appeals from final decisions under 28 U.S.C. § 1291, certain interlocutory decisions under 28 U.S.C. § 1292, and partial judgments certified as final under Federal Rule of Civil Procedure 54(b). *United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006). For an order to be a final judgment it must end the litigation and leave nothing for the district court to do but execute the judgment. *Silver Star Enters., Inc., v. M/V SARAMACCA*, 19 F.3d 1008, 1013 (5th Cir. 1994).

The order that Maillet asked the district court to reconsider is not a final judgment. As Maillet's criminal proceedings had ended, the district court's order properly construed his Rule 41(g) motion for return of property as a civil action arising under § 1331. *See Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). The district court's order did not rule, nor purport to rule, on the merits of Maillet's claim. Because the district court had not yet ruled on the merits of Maillet's filing, its order did not "leave nothing for the court to do but execute judgment." *See Silver Star Enter.*, 19 F.3d at 1013. Therefore, the district court's denial of Maillet's motion for reconsideration is non-appealable. S*ee* § 1291.

No other exception to the final judgment rule applies to the district court's order construing Maillet's claim as a civil action. The ruling does not constitute an appealable interlocutory order. *See* § 1292. Finally, the district court's ruling does not fall within a jurisprudential exception to the final order rule. *See United States v. Brown*, 218 F.3d 415, 420-22 (5th Cir. 2000).

Accordingly, Maillet's appeal is DISMISSED for lack of jurisdiction, and all outstanding motions are denied as MOOT.