NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TMF TRUSTEE LIMITED, <br><br> Plaintiff-Appellee, <br><br> NOVELL INVESTMENTS, INC.; MONJASA LTD.; OCEAN ENERGY LTD.; DAN-BUNKERING (MONACO) SAM; E.N. BISSO & SON, INC.; RILEY-SHERMAN SHIPPING AGENCY, INC.; COOPER/T. SMITH MOORING CO., INC.; BP MARINE LIMITED, <br><br> Intervenor-Plaintiffs-Appellees, <br><br> v. <br><br> M/T MEGACORE PHILOMENA, her engines, boilers, tackles, and other appurtenances, etc., in rem; HURRICANE NAVIGATION, INC., a Marshall Islands Corporation, in personam, <br><br> Defendants-Appellants. | No.   18-56189 <br>        18-56561 <br><br> D.C. No. 2:17-cv-09010-AGR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Alicia G. Rosenberg, Magistrate Judge, Presiding

Argued and Submitted November 15, 2019
Pasadena, California

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BERZON and WATFORD, Circuit Judges, and WHALEY,** District Judge.

Hurricane Navigation, Inc. (Hurricane) appeals from the interlocutory sale of the M/T MEGACORE PHILOMENA and the entry of summary judgment in favor of TMF Trustee Limited (TMF). We affirm.

**1.** The district court did not abuse its discretion in ordering the interlocutory sale of the ship. Courts may order an interlocutory sale if there has been "unreasonable delay in securing release of the property." Fed. R. Civ. Proc. Supp. AMC Rule E(9)(a)(i)(C). Courts applying this rule have held that delays as short as four months are unreasonable, even in instances where the owners are actively engaged in defending the underlying litigation. *E.g.*, *Silver Star Enterprises, Inc. v. M/V SARAMACCA*, 19 F.3d 1008, 1014 (5th Cir. 1994) (seven months); *Ferrous Financial Services Co. v. O/S ARCTIC PRODUCER*, 567 F. Supp. 400, 401 (W.D. Wash. 1983) (four months); *see also* 8 Benedict on Admiralty § 23.48. Here, by the time the court ordered the ship sold, over six months had passed since the ship's arrest. At that point, Hurricane had still not posted a bond to secure the ship's release, nor given any indication that it would be able to post such a bond. This six-month delay in securing the ship's release was unreasonable, and ordering

---

** The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

the sale was thus permissible.

**2.** The district court properly granted summary judgment for TMF. It is undisputed that Hurricane failed to make the December 29, 2017, maturity payment on the loan, which constituted a breach of contract independent from the security-cover breach. Hurricane contends that its failure to make the maturity payment should not be considered a breach, but its arguments are unavailing.

First, English law is clear that a wrongful acceleration, without more, has no contractual significance. *Concord Trust v. Law Debenture Trust Corp. PLC*, [2005] UKHL 27, [35]–[37]. Even if Hurricane were correct that TMF's allegedly wrongful acceleration and arrest of the ship breached the contract, Hurricane's appropriate remedy would be to file a counterclaim. *Id.* [41]. TMF's allegedly wrongful acceleration notice did not absolve Hurricane of its obligation to make the final balloon payment on the loan, and Hurricane has presented no legal support for its contention that TMF's acceleration of the loan waived its right to enforce the maturity payment requirement.

Second, Hurricane has not raised a triable issue as to whether the ship's allegedly wrongful arrest prevented Hurricane from making the final maturity payment. While Hurricane did produce signed Memoranda of Agreement that evidenced a tentative sale of the PHILOMENA and the HONAMI, that agreement had a closing date of November 15, 2017. It is undisputed that the sale did not

close by that date. The PHILOMENA was not ordered arrested until December 15, 2017, a month after the closing date, so the ship's arrest could not have interfered with Hurricane's initial agreement to sell the ship.

Hurricane contends that the closing date had been extended to sometime between December 2017 and January 2018. The district court correctly held that Hurricane produced insufficient evidence to raise a triable issue of fact on this point. Hurricane's only evidence of an extension consists of two statements in the declaration of Charilaos Loukopoulos. The declaration first asserts that "Borrowers advised the Lenders" that they had obtained an extension of the delivery date until "between 15 December and 15 January." Even if we credit that the borrowers so advised the lenders, the district court correctly noted that this statement does not attest to the truth of the *underlying* assertion—namely, that the sale had in fact been extended. At oral argument, Hurricane highlighted for the first time a second statement in the Loukopoulos declaration: "the Acceleration Notice prompted the arrest of the *Megacore Philomena* on December 15 (prior to the scheduled maturity) and cancelled the sale of the Vessels." Hurricane contends that we can infer from this statement that the cancellation date must have been extended, but that inference is too tenuous to survive summary judgment. The statement says that it was the Acceleration Notice, dated October 20, 2017, not the arrest, that "cancelled the sale," an assertion that suggests that there was *not* an

extension past November 15, not that there was. And proof that the extension occurred lay entirely within Hurricane's control.[1]

**3.** Hurricane argues that TMF's unclean hands in securing the ship's arrest equitably prevent it from recovering. This argument fails for the same reason discussed above: Hurricane has not shown that the arrest caused its later failure to make the maturity payment. TMF is therefore not profiting from its alleged wrongdoing, but rather recovering based on a *second*, independent breach. Because Hurricane did not establish a causal connection between the arrest and Hurricane's failure to make its final payment, the doctrine of unclean hands does not bar TMF's recovery.

**AFFIRMED.**

---

[1] The English High Court of Justice's recent opinion in *TMF Trustee Limited v. Fire Navigation Inc.*, [2019] EWHC 2918 (Comm), is not helpful to Hurricane's cause, as the court there assumed the evidence would show that the ship's arrest caused the later breach, *id.* [12], whereas the court here correctly concluded that such evidence was lacking.