IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2009

Charles R. Fulbruge III
Clerk

No. 07-60841

ANDERSON-TULLY LUMBER COMPANY

Plaintiff-Appellant

V.

INTERNATIONAL FOREST PRODUCTS, S.R.L.

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:05-cv-00068

Before DAVIS, CLEMENT and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Anderson-Tully Lumber Company appeals the district court's order granting Defendant-Appellee's Motion to Dismiss on the basis of forum non conveniens and international abstention. For the reasons set forth below, we affirm.

I

Anderson-Tully Company, a Mississippi corporation, began doing business with International Forest Products, S.r.L., an Italian corporation ("IFP"), in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1990s. Under a verbal arrangement, IFP agreed to market and sell Anderson-Tully Company's forest products (primarily cottonwood) to Italian customers. The arrangement was entered into after representatives of IFP came to the United States to solicit business. IFP allegedly agreed to exclusively market and carry Anderson-Tully Company's products in the Italian market and agreed not to carry competing products from other suppliers in that market. In exchange, Anderson-Tully Company paid commissions to IFP based on IFP's sales.

In the late 1990s, Anderson-Tully Company underwent a corporate reorganization. It formed Anderson-Tully Lumber Company, a Mississippi corporation ("ATCO Lumber"), to operate its timberlands. Anderson-Tully Company became a REIT and remained the owner of the real property. Upon completion of the reorganization, ATCO Lumber assumed the marketing agreement with IFP.

ATCO Lumber terminated its business relationship with IFP in September 2001 after it allegedly learned that IFP was violating the exclusivity arrangement by selling competitors' products in the Italian market. ATCO Lumber also had information suggesting that IFP had disclosed confidential pricing information to competitors. In October 2001, ATCO Lumber formed a new Italian entity, Allied Timber Companies, S.r.L., to assume the marketing and sales of its products in the Italian market. ATCO Lumber owns 50% of the new entity and an individual owns the other 50%.[1]

In November 2003, IFP filed a suit against Anderson-Tully Company in Italy for damages caused by the improper termination of the business arrangement. IFP also named ATCO Lumber in the suit but for reasons that are unclear, did not serve ATCO Lumber with the suit. The Italian court refused to add ATCO Lumber as a party to the suit and refused to allow IFP to amend the

---

[1] The individual is a former employee of IFP.

suit to add ATCO Lumber as a defendant. IFP then filed a second suit against ATCO Lumber in September 2005 in Italy. Anderson-Tully Company answered the initial Italian complaint in June 2004 and also asserted a counter-claim against IFP for the damages caused by IFP's breach of the contract.

ATCO Lumber then filed suit in the Circuit Court of Warren County, Mississippi in October 2004, after the initial Italian suit was filed but before ATCO Lumber was served with the Italian suit. ATCO Lumber served IFP with the Mississippi suit in April 2005, which IFP promptly removed to federal court. IFP moved to dismiss the suit on the basis of forum non conveniens and international abstention, which the district court granted. The district court granted ATCO Lumber's motion for reconsideration in order to allow limited discovery on these same issues. After discovery on those issues, the district court granted IFP's renewed motion to dismiss on the basis of forum non conveniens and international abstention and denied the motion to strike affidavits submitted by IFP's Italian counsel. ATCO Lumber now timely appeals the dismissal order.

II

We review the district court's dismissal on the basis of forum non conveniens and international comity for abuse of discretion. Dtex, LLC v. BBVA Bancomer, S.A., 508 F.3d 785, 787 (5th Cir. 2007); Int'l Transactions, Ltd. v. Embotelladora Agral Regiomontana, SA DE CV, 347 F.3d 589, 593 (5th Cir. 2003). This court also reviews a motion to strike for abuse of discretion. Cambridge Toxicology Group, Inc. v. Exnicios, 495 F.3d 169, 178 (5th Cir. 2007). While the decision to grant a motion to dismiss "is within the discretion of the district court, it should be an exercise in structured discretion founded on a procedural framework guiding the district court's decisionmaking process." In re Air Crash Disaster near New Orleans, La., 821 F.2d 1147, 1165 (5th Cir. 1987) (en banc) (citations omitted), vacated on other grounds sub nom., Pan Am. World

Airways, Inc. v. Lopez, 490 U.S. 1032 (1989), reinstated except as to damages by in re Air Crash Disaster near New Orleans, La., 883 F.2d 17 (5th Cir. 1989)(en banc). Under this procedural framework, the court first determines if an alternative forum exists. If the answer to this question is yes, the court must then evaluate the public and private interests involved in hearing the suit in each available forum. "[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981).

### III

Appellant argues that the district court abused its discretion in dismissing its suit for forum non conveniens. The district court followed the procedural framework provided in Piper Aircraft. The court first found that an alternative forum is available in Italy. The district court determined that ATCO Lumber was involved in the litigation in Italy and that the Italian courts provided comparable remedies to the parties. Both of these factors demonstrated the availability of Italy as an adequate alternative forum. The district court did not err in reaching this conclusion.

The district court then considered the private factors presented in the forum non conveniens analysis:

[1.] relative ease of access to sources of proof;

[2.] availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses;

[3.] possibility of view of premises, if view would be appropriate to the action;

[4.] all other practical problems that make trial of a case easy, expeditious, and inexpensive.

Id. at 241 n.6 (citation omitted). The district court concluded that these factors favored dismissal of the instant suit in favor of the Italian courts. Although ATCO Lumber claims on appeal that it can prove its case by using witnesses and documents exclusively located in the United States, the district court was entitled to base its decision on the witness lists and documents before it. In Appellant's pre-discovery disclosures, 43 total witnesses are listed. Of those witnesses, 19 were located in Italy and only 8 witnesses were located in Mississippi. IFP listed 36 witnesses, of which only 2 were not located in Italy. Despite Appellant's subsequent reduction of its witness list to eliminate overseas witnesses, the district court was entitled to rely on this initial witness list when evaluating the private factors. We cannot say the district court committed a "clear abuse of discretion" when it concluded that most of the evidence and witnesses were located outside of Mississippi. Id. at 257.

The district court next considered the public factors:

[1.] administrative difficulties flowing from court congestion;

[2.] the local interest in having localized controversies decided at home;

[3.] the interest in having a diversity case in a forum that is at home with the law that must govern the action;

[4.] the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law;

[5.] the unfairness of burdening citizens in an unrelated forum with jury duty.

Id. at 246 n.6 (internal quotation and citation omitted). The district court concluded that the public factors also weighed in favor of dismissing the instant case in favor of the Italian litigation. The court noted that the dispute had arisen over actions that occurred in Italy and that Italian law would likely apply. It also acknowledged that the proceedings in the Italian court had been going on for some time. The district court did not abuse its discretion in determining that

Italian courts had a keen interest in trying the dispute that arose primarily in Italy and that these factors favored dismissal.

In reaching this conclusion, the district court did not specifically address the affidavit of Richard Wilkerson, the Executive Vice President of ATCO Lumber. In that affidavit, Wilkerson averred that, in violation of the alleged exclusivity agreement IFP had solicited ATCO Lumber's competitors in the United States. He further asserted that IFP was selling cottonwood from these competitors to the same Italian customers to which it had been selling ATCO Lumber's cottonwood, also purportedly in violation of the alleged exclusivity agreement. Other than his own summary affidavit, Wilkerson does not offer specific facts or proof in support of these allegations. The district court did consider more specific evidence on this issue offered by ATCO Lumber of IFP's relationship with United States based competitors of ATCO Lumber. The district court determined that this information merely demonstrated a business relationship between ATCO Lumber's domestic competitors and IFP in Italy. In analyzing the second and fourth public factors of the Piper Aircraft framework, the district court might have given this affidavit more weight, but we cannot say that the district court's decision to give more weight to other more specific materials and evidence before it constituted "a clear abuse of discretion." Id. at 257.

While the Italian court noted that the second Italian case and the instant case were not the same, the district court was entitled to take the view that the various claims resulted from the reciprocal breach of a single contract, and that they should therefore be tried together. ATCO Lumber conceded that all claims that could be asserted in this suit were already brought on its behalf in the Italian litigation. While it could be argued that international comity counsels deferring to the Italian court as to the distinction in the cases, the district court

did not clearly abuse its discretion in finding that the forum non conveniens factors and international comity favored dismissal.

Appellant's main argument is that the district court did not give proper consideration to its choice of Mississippi as forum. We have noted that "in evaluating the private interests of the litigants, a court should be deferential to an American plaintiff's choice of his home forum." Forsythe v. Saudi Arabian Airlines Corp., 885 F.2d 285, 290 (5th Cir. 1989); see also Piper Aircraft, 454 U.S. at 255-56; Air Crash, 821 F.2d at 1154. However, we have also made clear that an American plaintiff's choice of its home forum, such as ATCO Lumber made here, "cannot be given dispositive weight." Forsythe, 885 F.2d at 290. The focus of the analysis is on the overall convenience provided by each forum. Dickson Marine, Inc. v. Panalpina, Inc., 179 F.3d 331, 342 (5th Cir. 1999). Here, the district court did not clearly abuse its discretion in conducting the forum non conveniens analysis.

The district court also denied Appellant's motion to strike the declarations of Appellee's Italian counsel. Our review of the record reveals that these documents are primarily a summary of the status of the litigation in the Italian courts and that the important facts asserted in the affidavit are set out in Italian court documents filed in the record. The district court therefore did not abuse its discretion in denying the motion to strike.

IV

For the reasons set forth above and those contained in the district court's opinion, we affirm the district court's grant of summary judgment.

AFFIRMED.