EDITH BROWN CLEMENT, Circuit Judge:
Thomas L. Swarek and Thomas Anthony Swarek (“the Swareks”) sued Herman Derr (“Derr”) and Derr Plantation, Inc. («Dpi”) jn thg Chancery Court of Issaque-na County, Mississippi (“Chancery Court”), alleging that Derr and his corporation breached a contract for the sale of Mississippi farmland. Derr died while the action was pending and, after years of stagnation in the Chancery Court, Derr’s wife and children — Till, Kai, Katja, and Margret Derr (“Derr Heirs” or “Heirs”)— sued the Swareks in the German Regional Court in Dusseldorf, Germany, seeking a declaratory judgment that they were not liable for any claims arising from the putative land contract. After the initiation of the German lawsuit but before the decision of the Regional Court, the Swareks dismissed all of their claims against Derr with prejudice and withdrew a pending motion to substitute the Derr Heirs in the Mississippi action. The German Regional Court dismissed the Derr Heirs’ claim but the German Higher Regional Court reversed. The German appellate court granted the Derr Heirs a declaratory judgment of non-liability and assessed the Swareks, as the losing party, nearly $300,000 in court costs. The Derr Heirs returned to Mississippi and attempted to enforce the German order for costs in federal district court. The district court refused to recognize the German judgment and the Derr Heirs appealed. For the reasons that follow, we affirm.
Facts and Proceedings
In February of 2005, the Swareks made an offer to DPI, a Mississippi corporation, and Derr, one of its principals, to lease and then purchase a large plot of farmland owned by DPI in Issaquena County, Mississippi. On February 15, 2005, the Swar-eks met with Derr in Germany and the parties signed a “Lease/Buy/Sell” agreement — Derr in both his corporate and individual capacities — that the Swareks contend constituted a binding contract for the lease and sale of the farmland. On March 1, 2005, the Swareks filed a complaint and lis pendens notice in the Chancery Court *435 of Issaquena County against DPI and Derr alleging breach of the agreement and seeking specific performance and compensatory and punitive damages in the amount of $6,675,000. DPI filed an answer and counterclaim, and Derr moved to dismiss for lack of personal jurisdiction.
Derr passed away in February of 2006. His counsel filed a suggestion of death on May 12, 2006, and the Swareks moved to substitute his estate on June 6, 2006. On DPI’s motion, the case was stayed on June 4, 2008, until DPI’s interlocutory appeal challenging the decision of the Chancery Court to transfer venue to the Circuit Court of Issaquena County could be resolved. On March 9, 2009, while the Mississippi litigation was stayed, the Derr Heirs filed a complaint in German Regional Court against the Swareks seeking a declaratory judgment that the Swareks had no claims against them arising from the Lease/Buy/Sell agreement signed by Derr. According to the complaint in the German action, Till Derr and Kai Derr, through a German parent corporation, became the sole shareholders of DPI.
On November 2, 2009, the Swareks filed a second motion to substitute with the Chancery Court, seeking to replace the estate of Herman Derr with the Derr Heirs. The same day, a supplemental motion to dismiss for lack of personal jurisdiction was filed on Derr’s behalf. On May 10, 2010, the Swareks voluntarily dismissed with prejudice all of their claims against Derr in the Mississippi action and withdrew both of their still-pending motions to substitute for Derr his estate and the Derr Heirs.[1]
On August 31, 2010, the German Regional Court dismissed the Derr Heirs’ complaint for a declaratory judgment of non-liability. The Regional Court found that because the action in the Mississippi Chancery Court addressed the Heirs’ claims and must be recognized in Germany, the Heirs “lack[ed] the required legitimate interest in a declaratory judgment, but in any event lack[ed] the need for legal protection.” On appeal, the German Higher Regional Court reversed and awarded the Derr Heirs almost $300,000 in court costs as the prevailing party. The Higher Regional Court found that a declaratory judgment of non-liability was necessary because the Swareks’ dismissal of their claims against Derr “constitute[d] a unilateral statement,” which would not extinguish their claims under German law and which did not “provide the same legal protection as results from a negative declaratory cross-action.” The Higher Regional Court further held that the question of whether res judicata applied to the Swar-eks’ voluntary dismissal of their claims with prejudice against Derr in the Chancery Court could “remain open” because if the Swareks were to file another action against the Derr Heirs, the Heirs would be required to prove that res judicata barred the claim.
The Derr Heirs filed suit in federal district court to enforce the German judgment for costs. The district court refused to grant comity to the judgment of the German Higher Regional Court and granted the Swareks’ motion for judgment on the pleadings. The court found that the Derr Heirs’ liability had already been resolved by the Swareks’ dismissal with prejudice in the Chancery Court and, even if the dismissal was not effective, the purpose of the German litigation was to interfere with the Mississippi proceedings and *436 the resulting judgment should not be enforced.
STANDARD OP REVIEW
“This Court reviews a district court’s grant of judgment on the pleadings under Rule 12(c) de novo.” Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir.2008). The question on appeal is whether the district court properly denied enforcement of the German judgment for costs. A court’s decision to grant or deny comity is reviewed for abuse of discretion. In re Vitro S.A.B. de C. V., 701 F.3d 1031, 1042 (5th Cir.2012).[2] Because federal jurisdiction was invoked by way of diversity of citizenship, we apply Mississippi law governing the recognition of foreign judgments. See Khreich, 915 F.2d at 1000 (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).
Discussion
The district court refused to extend comity to the German judgment on two independent grounds. The court first ruled that the German judgment was unnecessary because the issue of the Derr Heirs’ liability under the Lease/Buy/Sell agreement had already been determined by the Swareks’ dismissal with prejudice of their claims against Derr. The court then held that even if the Swareks’ dismissal of claims against Derr did not preclude them from bringing a future action against the Derr Heirs, the Heirs’ purpose in initiating the German lawsuit was to interfere with the Mississippi litigation and the German Higher Regional Court should have left the issue to be resolved in the Chancery Court.[3]
Filing a mirror-image lawsuit in a foreign court while domestic litigation is *437 pending is not sufficient, on its own, to preclude recognition of a foreign judgment, and the district court erred in denying comity on this ground. But because the Swareks’ dismissal of their claims against Derr in the Chancery Court constituted a judgment on the merits under Mississippi law, the Swareks were precluded under the doctrine of res judicata from re-litigating those claims against Derr or his privies, the Derr Heirs. The German court’s refusal to recognize, or even consider, the Mississippi judgment that protected the Derr Heirs from any liability arising from the Lease/Buy/Sell agreement resulted in a superfluous declaration of non-liability that the Heirs had already secured in Mississippi. As the German declaratory judgment and attendant cost award issued only because the German court ignored the res judicata effect of the Swareks’ dismissal with prejudice, the district court did not abuse its discretion in refusing to extend comity to the judgment.
I. The mere initiation of a foreign parallel proceeding is not a ground upon which a court may refuse to enforce the resulting foreign judgment.
Judgments of a foreign country, unlike judgments of a sister state, are not entitled to the protection of full faith and credit under Article IV, Section 1 of the United States Constitution, but are enforced on the basis of comity. Khreich, 915 F.2d at 1004. Comity is “the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws.” Hilton v. Guyot, 159 U.S. 113, 164, 16 S.Ct. 139, 40 L.Ed. 95 (1895). Mississippi courts enforce foreign judgments “not as a matter of obligation but out of deference and mutual respect.” Ables, 948 So.2d at 425.
 In determining whether a foreign judgment is deserving of recognition, the Mississippi Supreme Court receives guidance from the Restatement (Second) of Conflict of Laws § 98. See Laskosky v. Laskosky, 504 So.2d 726, 729 (Miss.1987). The Restatement provides that a foreign judgment rendered by a court of competent jurisdiction will be enforced if
there has been opportunity for a full and fair trial abroad before a court of competent jurisdiction, conducting the trial upon regular proceedings, after due citation or voluntary appearance of the defendant, and under a system of jurisprudence likely to secure an impartial administration of justice between the citizens of its own country and those of other countries, and there is nothing to show either prejudice in the court, or in the system of laws under which it is sitting, or fraud in procuring the judgment. ...
Restatement (Second) of Conflict of Laws § 98(c) (1971) (quoting Hilton, 159 U.S. at 202, 16 S.Ct. 139). The Restatement references a number of enumerated defenses that can be asserted to oppose the enforcement of a foreign judgment. See id. § 98 cmt. g.[4] Mississippi courts will also refuse *438 to apply comity “when its application would render meaningless substantial rights of the non-moving party,” or “when the substantive law of the foreign jurisdiction is unknown or not reasonably predictable.” Harrison v. Boyd Mississippi, Inc., 700 So.2d 247, 250 (Miss.1997).
Although comity is not an “absolute obligation,” it is more than “mere courtesy and good will.” Hilton, 159 U.S. at 163-64, 16 S.Ct. 139. If an otherwise valid judgment is rendered in a foreign court, the merits of the case will not be re-litigated if “there is nothing to show either prejudice in the court, or in the system of laws under which it was sitting, or fraud in procuring the judgment, or any other special reason why the comity of this nation should not allow it full effect.” Id. at 202-03, 16 S.Ct. 139; see also Somportex Ltd. v. Phila. Chewing Gum Corp., 453 F.2d 435, 440 (3rd Cir.1971) (“Comity should be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect.”). Because the exceptions to recognition of a valid foreign judgment are limited, the first question we must answer is whether the initiation of a parallel foreign lawsuit, without more, justifies declining comity to the resulting foreign judgment. It does not.
The district court, relying on Laker Airways, Ltd. v. Sabena, Belgian World Airlines, 731 F.2d 909 (D.C.Cir.1984), held that because the purpose of the German litigation was to interfere with the Mississippi action, the German court should have deferred to the first-filed Chancery Court action. In Laker Airways, Laker, a British airliner, brought an antitrust suit under American law in the U.S. District Court for the District of Columbia against foreign and domestic defendants. Some of the foreign defendants sought and obtained an injunction from the United Kingdom’s High Court of Justice prohibiting Laker from pursuing its antitrust claims in the United States court. Id. at 917-18. The district court then granted Laker’s motion for an injunction preventing the United States defendants and two foreign defendants from obtaining the same relief in the British court. Id. at 918-19. The court of appeals upheld the district court’s anti-suit injunction issued to protect its jurisdiction over Laker’s claims. Id. at 930-31.
The Laker court, however, made clear that “parallel proceedings on the same in personam claim should ordinarily be allowed to proceed simultaneously, at least until a judgment is reached in one which can be pled as res judicata in the other.” Id. at 926-27. It distinguished the usual case of permissible parallel proceedings from the ease at issue, finding it was “not a situation where two courts are proceeding to separate judgments simultaneously under one cause of action. Rather, the sole purpose of the English proceeding is to terminate the American action.” Laker Airways, 731 F.2d at 930. Here, the German litigation did not strip the Mississippi Chancery Court of jurisdiction over the Swareks’ claims. Both *439 cases were free to proceed to resolution until the judgment of one court could be used to put an end to the duplicative litigation in the other. See Sea Containers Ltd. v. Stena AB, 890 F.2d 1205, 1212-13 (D.C.Cir.1989) (a foreign ruling that defeats a plaintiffs claims in domestic litigation is not a threat to the jurisdiction of the domestic court).
But even if the Swareks could have enjoined the Derr Heirs from litigating their declaratory judgment action in Germany, they did not seek to do so.[5] The Swareks point to no authority holding that the relevant considerations in enjoining parallel litigation are identical to those in recognizing a foreign judgment that has resulted after the foreign proceeding has been allowed to unfold. And it is clear that they are not. See Laker Airways, 731 F.2d at 928-29 (“[T]he possibility of an ‘embarrassing race to judgment’ or potentially inconsistent adjudications does not outweigh the respect and deference owed to independent foreign proceedings. The parallel proceeding rule applies only until a judgment is reached in one of the actions.” (footnotes omitted)). Even if the Derr Heirs instituted their declaratory suit in Germany for the purpose of obtaining a judgment before one could be reached in the Mississippi litigation, this “interference,” in the absence of a final judgment in the Chancery Court, does not fit within one of the narrow exceptions permitting a court to refuse comity to a valid foreign judgment. Accordingly, the district court’s anti-injunction analysis cannot support its refusal to recognize the German judgment.
II. The Swareks’ unilateral dismissal with prejudice in the Mississippi litigation was a final judgment on the merits invoking a res judicata bar to re-asserting the dismissed claims against the Derr Heirs.
To uphold the district court’s refusal to recognize the German judgment, then, the Swareks’ dismissal with prejudice of their claims against Derr in the Mississippi Chancery Court must have constituted a judgment barring a subsequent suit on the same claims against the Derr Heirs. The Swareks contend, as they did in the German Higher Regional Court, that their voluntary dismissal with prejudice pursuant to Miss. R. Civ. P. 41(a)(l)(i)[6] was a “final judgment on the merits” and they were thus foreclosed *440 from re-asserting the same or related claims against Derr, or his privies, the Derr Heirs in Germany. The Derr Heirs respond that the Chancery Court lacked personal jurisdiction over Derr because he was never properly served, so the Swar-eks’ unilateral dismissal could not have had res judicata effect. See Turner v. Deutsche Bank Nat’l. Trust Co., 65 So.3d 336, 339 (Miss.Ct.App.2011) (“The rules on service of process are to be strictly construed. If they have not been complied with, the court is without jurisdiction unless the defendant appears of his own volition.” (internal quotation marks omitted)).
“Res judicata is a doctrine of claim preclusion.” Garcino v. Noel, 100 So.3d 470, 475 (Miss.Ct.App.2012). “[W]hen a court of competent jurisdiction adjudicates — that is, enters a final judgment on the merits of an action — the parties or their privies are precluded from re-litigating claims that were decided or could have been raised in that action.” Id. at 476 (internal quotation marks omitted). “For the bar of res judicata to apply in Mississippi there are four identities which must be present: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made.” Harrison v. Chandler-Sampson Ins., Inc., 891 So.2d 224, 232 (Miss.2005). “[T]he absence of any one of the elements is fatal to the defense of res judicata.” Id.
At first glance, the Derr Heirs’ conclusion that the Swareks’ dismissal lacked res judicata effect appears to be compelled by the requirements necessary to invoke the doctrine. A court that lacks jurisdiction over a defendant does not have the authority to address the merits of the case and must dismiss the action. Horne v. Mobile Area Water & Sewer Sys., 897 So.2d 972, 975 (Miss.2004). “[A] dismissal for want of jurisdiction has no preclusive effect and the same action subsequently may be brought in a court of competent jurisdiction.” Id. (internal quotation marks omitted). So in the ordinary case, a court’s dismissal of claims against a defendant — even if purportedly rendered on the merits — would not bar re-litigation of those claims if the court did not have personal jurisdiction over the defendant.
But here it was not the Chancery Court that dismissed the Swareks’ claims against Derr, but the Swareks themselves. Miss. R. Civ. P. 41(a)(l)(i) provides that “an action may be dismissed by the plaintiff without order of court ... by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.” (emphasis added). “Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice.” Miss. R. Civ. P. 41(a)(1). Both the Mississippi and Federal rules make explicit that a dismissal, with or without prejudice, is effective without any action of the court. See Fed. R.Civ.P. 41(a)(l)(A)(i) (“[T]he plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment....”).[7] A plaintiffs dismissal of his claims with prejudice is the “legally operative act of dismissal pursuant to [Federal] Rule 41(a)(l)( [ (A) ] )(i),” such that a “district *441 court’s subsequent order to the same effect [is] superfluous.” Warfield v. Allied-Signal TBS Holdings, Inc., 267 F.3d 538, 541 (6th Cir.2001); see also SmallBizPros, Inc. v. MacDonald, 618 F.3d 458, 463 (5th Cir.2010) (“Any dismissal order entered by a district court after the filing of a voluntary dismissal is ‘superfluous.’ ”). Because the court has no role to play in a Rule 41(a)(1) dismissal, it is of no consequence that the court lacks jurisdiction over the defendant. If the plaintiff chooses to extinguish his rights forever he is entitled to do so, and the defendant will reap the benefit of a res judicata bar to any attempt by the plaintiff to re-litigate the dismissed claims.[8]
That res judicata bars the Swareks’ claims against Derr does not end the inquiry into whether the Swareks were foreclosed from re-alleging the same claims in a subsequent action against the Derr Heirs. The Heirs maintain that they were not parties to the Mississippi litigation and, consequently, the Swareks’ dismissal had no effect on their potential liability for breach of the purported land contract. But this narrow view ignores that “strict identity of parties is not necessary for either res judicata or collateral estoppel to apply, if it can be shown that a nonparty stands in privity with the party in the prior action.” EMC Mortg. Corp. v. Carmichael, 17 So.3d 1087, 1090-91 (Miss.2009) (internal quotation marks omitted). “[P]rivity is a broad concept, which requires [the court] to look to the surrounding circumstances to determine whether claim preclusion is justified.” Id. at 1091 (internal quotation marks and alterations omitted). As relevant here, privies are “those who stand in mutual or successive relationship to the same [r]ights of property.” Clement v. R.L. Burns Corp., 373 So.2d 790, 794 (Miss.1979) (quoting Lipscomb v. Postell, 38 Miss. 476, 489 (Miss.Err. & App.1860)). It is clear that the Heirs are in privity with Derr. The alleged purpose of the Heirs’ German action was to protect them from the claims filed against Derr in the Mississippi ligation, which would affect them only as successors-in-interest to his property.[9]
Finally, although Derr passed away in 2006, the Chancery Court never acted on Derr’s initial motion to dismiss or the Swareks’ timely motion to substitute his estate, so the Swareks’ claims against Derr were still pending at the time of the Swar-eks’ voluntary dismissal. See Miss. R. Civ. P. 25(a) (upon the death of a party, “[t]he action shall be dismissed without prejudice as to the deceased party if the motion for substitution is not made within ninety days after the death is suggested upon the record” (emphasis added)). Defendants evi *442 dently understood this to be the case as they filed a supplemental motion to dismiss on Derr’s behalf as late as November of 2009. It does not matter, then, whether the Derr Heirs were parties to the Mississippi action. The Swareks dismissed with prejudice their still-pending claims against Derr, which also barred them from later asserting those claims against his privies, the Derr Heirs.
III. The district court did not abuse its discretion by refusing comity to the German judgment that resulted from the German Higher Regional Court’s own refusal to extend comity to the Mississippi judgment.
We now address the question of whether the district court abused its discretion by denying comity to the German judgment on the ground that the German Higher Regional Court ignored the Swareks’ dismissal with prejudice of the very claims upon which the Derr Heirs sought a declaratory judgment of non-liability. As relevant here, Mississippi provides for two exceptions to the general rule that a valid foreign judgment rendered by a foreign court of competent jurisdiction will be enforced domestically. Mississippi courts will not grant comity where doing so would “render meaningless substantial rights of the non-moving party,” Harrison, 700 So.2d at 250, or violate the public policy of the state, Restatement (Second) of Conflict of Laws § 98(g) (recognizing public policy exception). In this instance, the two inquiries merge. See C.I.T. Corp. v. Turner, 248 Miss. 517, 541, 157 So.2d 648 (Miss.1963) (“Public policy and the interest of litigants alike require that there be an end to litigation which, without the doctrine of res judicata, would be endless.”). Res ju-dicata “is a doctrine of public policy designed to avoid the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibilities of inconsistent decisions.” Little v. V & G Welding Supply, Inc., 704 So.2d 1336, 1337 (Miss.1997) (quoting Montana v. United States, 440 U.S. 147, 153-54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)) (internal quotation marks omitted).
The German Higher Regional Court’s failure to respect the Swareks’ dismissal with prejudice of their claims against Derr — and by the rule of privity, the Derr Heirs — violated Mississippi public policy and rendered meaningless the right of the Swareks to put an end to litigation of their claims. The German appellate court wholly ignored the res judi-cata issue, instead finding that the question could “remain open” because there was a possibility that the Swareks could pursue the identical claims against the Derr Heirs under German law in the future, in which case the Heirs would bear the burden of “proving” that the action was foreclosed. But this reasoning misunderstands the very purpose of according comity to foreign judgments. “[0]nce the parties have had an opportunity to present their cases fully and fairly before a [foreign] court of competent jurisdiction, the results of the litigation process should be final.” Int’l Transactions, 347 F.3d at 593. The German appellate court’s justification for pretermitting the res judicata question and re-litigating the very issues that had been decided in the Mississippi court leaves no place for comity at all. See Turner Entm’t Co. v. Degeto Film GmbH, 25 F.3d 1512, 1521 (11th Cir.1994) (“While courts regularly permit parallel proceedings in an American court and a foreign court, once a judgment on the merits is reached in one of the cases, ... failure to defer to the judgment would have serious implications for the concerns of interna *443 tional comity.” (internal citation omitted)). And even if, under German law, the Derr Heirs’ burden of proving that res judicata prevented a hypothesized future lawsuit from the Swareks justified the issuance of a declaratory judgment, enforcement of the attendant cost award in Mississippi would still violate the state’s public policy against superfluous litigation. Whenever a claim is foreclosed by a final judgment, the party invoking res judicata must demonstrate that the doctrine applies. The German Higher Regional Court’s “burden of proof’ exception permitting re-litigation of claims already decided would, in this case, nullify the defense of res judicata entirely.
The Derr Heirs’ corollary argument that the German Higher Regional Court was correct to apply German law and civil procedure to determine the Heirs’ liability in Germany similarly misses the mark. Uniformity of laws and procedural rules between the domestic and foreign states is not necessary for a final judgment in one forum to be respected in another. See Ohno v. Yasuma, 723 F.3d 984, 1005 (9th Cir.2013) (The comity determination “focus[es] on the fundamentals of the cause of action underlying the foreign judgment ... not the differences in the bodies of law or in the way in which remedies are afforded.”) (internal quotation marks omitted); see also Soc’y of Lloyd’s v. Turner, 303 F.3d 325, 332 (5th Cir.2002) (same, interpreting Texas law).[10] The defect in the German appellate proceedings was not the Higher Regional Court’s application of German law and procedure to rule on the Heirs’ claim for a declaratory judgment, but its disregard of the binding dismissal with prejudice in the Mississippi litigation that obviated the need to entertain the duplicative action at all.
The Derr Heirs’ final argument is that they were not seeking to enforce the German Higher Regional Court’s substantive judgment of non-liability in the Mississippi district court, but only its attendant order for costs. This attempt to separate the cost award from the underlying decision on liability is unpersuasive. German law provides for the award of costs to the prevailing party — the cost award does not exist independently of the underlying judgment. If the Derr Heirs had not obtained a declaratory judgment of non-liability on the identical claims that the Swareks had dismissed with prejudice nearly two years earlier, no order for costs would have issued.
The Swareks’ voluntary dismissal with prejudice in the Chancery Court operated as an adjudication on the merits under Mississippi law and thus already provided the Derr Heirs with the judgment of non-liability they were seeking in Germany. Had the German Higher Regional Court recognized the Mississippi judgment, it would have dismissed the Heirs’ redundant action — as the German trial court did— and the Swareks would not have been saddled with the costs of the unnecessary litigation. The German Higher Regional Court’s decision to sidestep the comity determination and re-adjudicate claims that had already been settled in the Chancery Court violated the Mississippi public policy of res judicata and the Swareks’ right to *444 permanently terminate their claims. Comity must be a two-way street. In re Vitro, 701 F.3d at 1064. The district court did not abuse its discretion by refusing to enforce the German cost award.
Conclusion
For the foregoing reasons, we AFFIRM the judgment of the district court.

. The Swareks’ claims against DPI have had a long shelf life. The trial in the Mississippi litigation concluded in September of 2013 and is pending decision by the chancellor.

. Recent cases of this circuit have stated unequivocally that a district court's comity decision is subject to abuse-of-discretion review. See, e.g., Anderson Tully Lumber Co. v. Int’l Forest Prods., S.r.L., 306 Fed.Appx. 858, 859 (5th Cir.2009); Int'l Transactions, Ltd. v. Embotelladora Agral Regiomontana, SA de CV, 347 F.3d 589, 593 (5th Cir.2003). But previous sessions of this court have not been in such harmonious agreement. Compare Banque Libanaise Pour Le Commerce v. Khreich, 915 F.2d 1000, 1004 (5th Cir.1990) (reviewing comity determination for abuse of discretion), with Sw. Livestock & Trucking Co. v. Ramon, 169 F.3d 317, 321 (5th Cir.1999) (applying de novo review to comity decision); Overseas Inns S.A. P.A. v. United States, 911 F.2d 1146, 1148 (5th Cir.1990) (same). Because Mississippi law entrusts the comity decision to the discretion of the trial judge, Greater Canton Ford Mercury Inc. v. Ables, 948 So.2d 417, 425 (Miss.2007), we follow recent precedent and review the district court's decision for abuse of discretion. In any event, as this court has noted in reviewing comity judgments, "little turns on whether we label review of this particular question abuse of discretion or de novo, for an abuse of discretion standard does not mean a mistake of law is beyond appellate correction.” Ramon, 169 F.3d at 321 n. 4 (internal quotation marks and alterations omitted).

. The Derr Heirs argue that the district court’s finding that they intended to interfere with the Chancery Court litigation was inappropriate on a motion for judgment on the pleadings because there was no evidence in the record to support the conclusion, the Heirs were not given an opportunity to respond, and the Swareks did not argue that particular defense. This contention is puzzling because after the Swareks filed a motion for judgment on the pleadings, the Derr Heirs did in fact submit their own motion for summary judgment and a reply to the Swareks’ motion. And, as referenced in its order, the district court grounded its findings in the Derr Heirs' complaint in the German Regional Court and the order of the German Higher Regional Court; it did not improperly cull from facts outside of the record. Finally, the Swareks’ motion requested non-recognition of the judgment on comity grounds, under which the court placed its interference analysis. Notwithstanding the lack of merit in this objection, the point is moot because we affirm on the grounds that the German Higher Regional Court ignored the Mississippi judgment.

. Likewise, Restatement (Third) of Foreign Relations Law of the United States § 482 lists seven grounds upon which a court may refuse to recognize an otherwise valid foreign judgment. That Restatement provides, in relevant part:
(2) A court in the United States need not recognize a judgment of the court of a foreign state if:
(a) the court that rendered the judgment did not have jurisdiction of the subject matter of the action;
*438 (b) the defendant did not receive notice of the proceedings in sufficient time to enable him to defend;
(c) the judgment was obtained by fraud;
(d) the cause of action on which the judgment was based, or the judgment itself, is repugnant to the public policy of the United States or of the State where recognition is sought;
(e) the judgment conflicts with another final judgment that is entitled to recognition; or
(f) the proceeding in the foreign court was contrary to an agreement between the parties to submit the controversy on which the judgment is based to another forum.
Restatement (Third) of Foreign Relations Law of the United States § 482(2) (1987).

. Had the Swareks moved for an anti-suit injunction, there is authority indicating that it would have been granted. See Scruggs, Millette, Bozeman & Dent, P.A. v. Merkel & Cocke, P.A., 804 So.2d 1000, 1006 (Miss.2001) ("[Wjhere two suits between the same parties over the same controversy are brought in courts of concurrent jurisdiction, the court which first acquires jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit.” (internal quotation marks omitted)). The same would be true if the Chancery Court looked to this court’s precedent. See Kaepa, Inc. v. Achilles Corp., 76 F.3d 624, 627 (5th Cir.1996) (anti-suit injunction may issue when “allowing simultaneous prosecution of the same action in a foreign forum thousands of miles away would result in inequitable hardship and tend to frustrate and delay the speedy and efficient determination of the cause.” (internal quotation marks omitted)).

. The Swareks assert in their brief that they voluntarily dismissed all of their claims against Derr “pursuant to Miss. R. Civ. P. 41(a)(2).” This statement appears to be in error. Miss. R. Civ. P. 41(a)(2) provides for voluntary dismissal by order of the court. The Swareks argued in the district court that they unilaterally dismissed their claims with prejudice pursuant to Miss. R. Civ. P. 41(a)(l)(i). Likewise, their "Notice of Voluntary Dismissal” in the Chancery Court stated only that they were dismissing the claims against Derr with prejudice and did not request court permission to do so. Because Derr had not filed an answer, the court's imprimatur was not required.

. Mississippi modeled its own Rule 41 after Fed.R.Civ.P. 41, and the Mississippi Supreme Court looks to federal precedent to interpret the state rule. BellSouth Pers. Commc’ns LLC v. Bd. of Sup'rs of Hinds Cnty., 912 So.2d 436, 440 (Miss.2005); Carter v. Clegg, 557 So.2d 1187, 1190 n. 2 (Miss.1990).

. The only court to consider the issue has recently come to the same conclusion. In Arias v. Napolitano, No. 13-cv-248, 2014 WL 2987109 (S.D.Ohio July 2, 2014), the plaintiff sought to re-litigate against the same defendant the identical claims he had dismissed with prejudice pursuant to Fed.R.Civ.P. 41(a) in a prior action. Id. at *3. The plaintiff argued that his dismissal with prejudice in the previous case did not have res judicata effect because the district court lacked subject matter jurisdiction over the case and .thus his dismissal did not operate as a "final decision on the merits by a court of competent jurisdiction” as required to invoke claim preclusion. Id. at *2-3. Citing Warfield, the district court held that it did not matter whether the prior district court lacked jurisdiction over the defendant because it was plaintiff's voluntary dismissal of his claims with prejudice that was the legally operative act of dismissal under Rule 41(a) fulfilling res judicata’s requirement of a "decision on the merits.” Id. at *3-4.

. Because the Derr Heirs do not contest the district court's finding that they are in privity with Derr any such argument is also waived. See Fed. R.App. P. 28(a)(8)(A); United States v. Ogle, 415 F.3d 382, 383 (5th Cir.2005).

. The Derr Heirs’ very attempt to enforce the German order for costs in the United States reveals the infirmity of their argument that Mississippi claim preclusion law must be identical to German claim preclusion law to be afforded effect in German court. American law, in most instances, does not award costs to the prevailing party. Yet, as the Heirs point out, cost awards rendered in a foreign court will be recognized in the United States. See, e.g., Tahan v. Hodgson, 662 F.2d 862, 867 n. 20 (D.C.Cir.1981); Somportex, 453 F.2d at 443.